

2000 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-24-2000

# In Re: FMC Corp

Precedential or Non-Precedential:

Docket 99-5220, 99-5302, 99-5328 and 99-5329

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2000

Recommended Citation

"In Re: FMC Corp" (2000). *2000 Decisions*. Paper 64.
http://digitalcommons.law.villanova.edu/thirdcircuit_2000/64

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2000 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed March 23, 2000

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 99-5220, 99-5302, 99-5328 and 99-5329

IN RE:

FMC CORPORATION PACKAGING SYSTEMS DIVISION,

        Petitioner in No. 99-5220

(D.C. Civ. No. 98-cv-05762)

IN RE: MEDTRONIC, INC.

        Petitioner in No. 99-5302

(D.C. Civ. No. 99-00818)

MARY ANNE NELSON; MICHAEL NELSON

v.

MEDTRONIC INC.; SYNCHROMED; "A" DOE, "B" DOE,
"C" DOE, "D" DOE, "E" DOE, "F " DOE, "G" DOE,
"H" DOE, "I" DOE, "J" DOE, "K" DOE, AND "L" DOE,
(fictitious names actual names being unknown)

Medtronic, Inc.,

        Appellant in No. 99-5328 and
        No. 99-5329

(D.C. No. 99-cv-00818)

Appeal from the United States District Court
for the District of New Jersey
District Judge: Honorable Alfred J. Lechner, Jr.

Argued
February 1, 2000

Before: MANSMANN, NYGAARD and RENDELL,
Circuit Judges.

(Filed March 23, 2000)

        Wayne A. Graver, Esquire (Argued)
        Richard J. Sexton, Esquire

Lavin, Coleman, O'Neil, Ricci,
 Finarelli & Gray
8000 Midlantic Drive
 Suite 201 South
Mount Laurel, NJ 08054

 COUNSEL FOR FMC PACKAGING
SYSTEMS DIVISION

John P. Lavelle, Jr., Esquire
 (ARGUED)
Hangley, Aronchick, Segal
 & Pudlin
20 Brace Road, Suite 201
Cherry Hill, NJ 08034

OF COUNSEL:

R. Lawrence Purdy, Esquire
Mason, Edelman, Borman & Brand
3300 Norwest Center
90 South Seventh Street
Minneapolis, MN 55402-4140

 COUNSEL FOR MEDTRONIC, INC.

2

John F. McLaughlin, Esquire
 (ARGUED)
Philip G. Auerbach, Esquire
Auerbach, Melody & Cox
231 Maple Avenue
Post Office Box Y
Red Bank, NJ 07701

 COUNSEL FOR MARY ANNE AND
MICHAEL NELSON

OPINION OF THE COURT

MANSMANN, Circuit Judge.

These consolidated appeals require that we clarify our position with respect to the scope of the District Court's authority to remand, sua sponte, cases removed to the federal courts pursuant to the Federal Removal Statute, 28 U.S.C. S 1441 et seq. (the Act). Specifically, we address whether a District Court exceeds its authority under section 1447(c) of the Act when it raises, sua sponte, a procedural defect in the petition for removal and remands the case on that basis. Because we are convinced that such sua sponte action falls outside the scope of section 1447(c),

we conclude that the District Court lacked grounds upon which to remand these cases. We will, therefore, reverse the orders of the District Court remanding these actionsfiled against Medtronic and FMC.

I.

On January 15, 1999 Mary Anne and Michael Nelson filed a personal injury action against Medtronic in the Superior Court of New Jersey. Medtronic received formal service of the summons and complaint on February 8, 1999. On February 24, 1999 Medtronic filed a notice of removal, on diversity grounds, in the United States District Court for the District of New Jersey.

At a status conference held in mid-March, 1999, the District Court, acting sua sponte, announced that it

intended to remand the matter to the state court due to a procedural defect in the notice of removal. According to the District Court, the notice of removal was deficient under the terms of 28 U.S.C. S 1446(b)1 in that it did not contain a specific statement establishing that the matter has been removed "within thirty days from receipt or otherwise." (emphasis added). Counsel for Medtronic noted that the notice of removal stated that Medtronic was served with the summons and complaint on February 8, 1999. Counsel clarified that this service effected Medtronic'sfirst receipt of the complaint. The plaintiffs did not contest this assertion and did not move for remand, although they stated that they did not object. The parties were given the opportunity to brief the issue of remand.

On March 31, 1999, the District Court entered an order remanding the case to the Superior Court of New Jersey. The sole basis for remand was the fact that the notice of appeal failed explicitly to negate the possibility that Medtronic had received notice of the action through informal service of the initial pleading prior to the date of formal service.2 In ordering the remand, the District Court

_____

1. This section provides in part that:

    The notice of removal of a civil action or proceeding shall be filed

    within thirty days after the receipt by the defendant, through service
    or otherwise, of a copy of the initial pleading setting forth the claim

for relief . . . or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

2. The consolidated petition for writ of mandamusfiled in the product liability action captioned In re: FMC Corp., No. 99-5220, presents a similar factual and procedural scenario. FMC was served with a complaint in a state court action on December 2, 1998. On December 21, 1998, FMC filed a notice of removal on diversity grounds. At a status conference on January 11, 1999, the District Court raised, sua sponte, the issue of whether FMC's notice of removal had been filed in a timely manner. Following briefing on the issue, it was clear that the petition for

removal was timely filed, although this could not be ascertained from the four corners of the removal petition. Nonetheless, the District Court ordered, on March 1, 1999, that the action be remanded to a state court in New Jersey. FMC's petition for writ of mandamus was filed on March 31, 1999.

4

relied on the holding in Michetti Pipe Stringing, Inc. v. Murphy Bros., Inc., 125 F.3d 1396, 1398 (11th Cir.), cert. granted, 119 S.Ct. 401 (1998). There, the Court of Appeals held that the period for removal begins to run when a defendant receives a copy of the initial pleading through any means, not strictly formal service of process. Medtronic appealed the remand order on April 30, 1999.

Days after entry of the remand order, the Supreme Court reversed the decision of the Court of Appeals in Michetti, holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, `through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." Michetti Pipe Stringing, Inc. v. Murphy Bros., Inc., 526 U.S. 344, 119 S. Ct. 1322, 1324 (quoting 28 U.S.C. S 1446(b)) (emphasis added). This decision made clear that the procedural defect identified by the District Court in Medtronic's petition for removal is not, in fact, a procedural defect.

On April 10, 1999, Medtronic filed in the District Court a motion to withdraw the order of remand in light of the Supreme Court's decision in Michetti. In an order dated April 14, 1999, the District Court denied the motion, stating that it no longer had jurisdiction to withdraw the remand order and that, in any event, the decision in Michetti did not apply retroactively to the order. Medtronic appealed from the District Court's order denying the motion

to withdraw.

Due to uncertainty as to the appropriate mechanism for appellate review, Medtronic, in an abundance of caution, also filed a petition for a writ of mandamus compelling the District Court to withdraw or reverse its remand order. This petition was consolidated with both of Medtronic's appeals and with the writ of mandamus filed by FMC. Medtronic contends that: 1) a procedural defect in the notice of removal must be raised in a motion by a party, not by the District Court; 2) the order of remand, even if authorized by statute, was not timely filed; and 3) because the Supreme Court decision in Michetti established that the defect which the District Court identified in Medtronic's petition for

5

removal is not to be considered a defect, the motion to withdraw the remand should have been granted. In its petition, FMC argues solely that where it clarified for the District Court that diversity existed and that the petition for removal was timely filed, the District Court should not have remanded the action.3 Because our holding with respect to the District Court's authority to raise, sua sponte, a procedural defect in the removal petition is alone a sufficient ground upon which to reverse the orders of remand, we need not and do not reach any other issue.

II.

We address first our jurisdiction to review the remand orders entered by the District Court. The threshold jurisdictional issue cannot be separated from the merits of the defendants' challenge; our analysis of the relevant statutory provisions both supports our jurisdiction and compels our conclusion that the District Court exceeded its authority in entering the remand orders.

A comprehensive statutory scheme addresses removal of state court actions to federal court. 28 U.S.C.SS 1441–1452. We highlight certain provisions of that scheme and relevant caselaw in order to provide context for resolution of the issue before us.

28 U.S.C. S 1441(a) provides that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court . . . embracing the place where such action is pending.

Section 1446 sets forth the procedure for removing a case
to federal court, and section 1441 delineates procedures to
_____

3. FMC's petition does not focus on the sua sponte nature of the District
Court's decision to remand or on the timeliness of the District Court's
order, although the facts would arguably support both of these
arguments. FMC's petition was filed prior to and does not reference the
Supreme Court's decision in Michetti.

be followed after an action has been removed. Section
1447(c) reads in part, as follows:

> A motion to remand the case on the basis of any defect
> in removal procedure must be made within 30 days
> after the filing of the notice of removal under section
> 1446(a). If at any time before final judgment it appears
> that the district court lacks subject matter jurisdiction,
> the case shall be remanded.4

Section 1447(d), which addresses the reviewability of
orders to remand, narrowly limits our authority by
providing that, except for civil rights cases removed
pursuant to 28 U.S.C. S 1443: "[a]n order remanding a case
to the state court from which it was removed is not
reviewable on appeal or otherwise. . . ." In imposing this
bar, Congress intended to make the remand order of a
District Court final in order to avoid delay associated with
appellate review of decisions to remand. In furtherance of
this policy, section 1447(d) was interpreted, until 1976, to
preclude review of all remand orders, regardless of the
reason underlying the decision to remand.

In 1976, the Supreme Court's decision in Thermtron
Prod., Inc. v. Hermansdorfer, 423 U.S. 336 (1976), clarified
that the section 1447(d) bar operates to preclude review of
only those remand orders issued pursuant to section
1447(c). The Court held that these two sections must be
construed together and that "only remand orders issued
under S 1447(c) and invoking the grounds specified therein
. . . are immune from review under S 1447(d). Id. at 346.
Thermtron thus made clear that the seemingly unequivocal
language of section 1447(d) may, in some circumstances,
give way to permit appellate consideration of certain
categories of remand orders. One such category includes
remand orders issued outside the authority granted to
District Courts under section 1447(c). For reasons
explained herein, we find that the District Court exceeded
its authority under 1447(c) when it acted sua sponte to
_____

4. It is important to recognize that this section provides for remand in two categories of cases: (1) those where a motion identifies a "defect in the removal procedure"; or (2) those where the District Court lacks subject matter jurisdiction.

remand these cases. Accordingly, our review of these remand orders is not barred by the terms of section 1447(d).

After Thermtron, mandamus has regularly been invoked to require federal courts to adjudicate claims not remanded pursuant to S 1447(c). See, e.g., Airshields, Inc. v. Fullam, 891 F.2d 63 (3d Cir. 1989) (granting petition for writ of mandamus directing the court to vacate a remand order based on procedural defects not contemplated by section 1447(c)). The use of mandamus as the mechanism for review stemmed from the Supreme Court's statement in Thermtron that mandamus rather than appeal was appropriate. The Supreme Court decision in Quackenbush v. Allstate Insurance Co., 517 U.S. 706, 712 (1996), however, establishes that resort to mandamus is not necessary, because a remand order, although it does not meet the traditional definition of finality, is"functionally indistinguishable from the stay . . . found appealable in Moses H. Cone" and should therefore be deemedfinal. Id. at 715. Here, as in Quackenbush and Cone , the order puts the litigants "effectively out of court." The Supreme Court in Quackenbush noted that in this sense, a remand order is "clearly more final than a stay order." Id. at 714.

In a case similar to the one we consider here, the Court of Appeals for the Seventh Circuit commented that:

> Appeal rather than mandamus is the right route. Although Thermtron stated that mandamus is essential and appeal impermissible, Quackenbush reversed that conclusion. 517 U.S. at 714–15. The Court [in Quackenbush] observed that the[mandamus requirement] of Thermtron had been based on [an earlier] decision the Justices now deem "superannuated." 517 U.S. at 715. A remand order terminates the litigation in federal court and therefore after Quackenbush is appealable as a "final decision" under 28 U.S.C. S 1291 –- unless S 1447(d) forecloses appeal . . . .

Benson v. SI Handling Systems, Inc., 188 F.3d 780, 782 (7th Cir. 1999). We have adhered to this reading of Quackenbush: "Because the District Court's remand order

divest[s] the federal court of all control over the action . . .,
we . . . have jurisdiction under 28 U.S.C. S 1291." Pa.
Nurses Ass'n v. Pa. State Educ. Ass'n, 90 F.3d 797, 801 (3d
Cir. 1996).5 While we do not rule out our jurisdiction over
a petition for mandamus, where the order is, as the
decision in Quackenbush stated, "final," an appeal, with its
broader scope of review, would appear to be the preferred
route.

Having established that the section 1447(d) bar does not
apply to all remand orders and that if review is appropriate
it may be secured by appeal rather than mandamus, we
turn to the seminal question: Did the District Court exceed
its authority under section 1447(c) when it raised, sua
sponte, a procedural defect in the petitions for removal and
remanded these actions on that basis? This question is
seminal because in deciding it we will determine not only
whether we have jurisdiction over this appeal, but also the
propriety of the District Court's remand.

Although this precise question is one of first impression
for our court, we have addressed a closely-related question.
In Air-Shields, Inc. v. Fullam, 891 F.2d 63 (3d Cir. 1989), we
granted a petition for mandamus directing the District
Court to vacate a remand order entered based on the
Court's sua sponte identification of a procedural defect in

_____

5. See also Wright, Miller & Cooper, Federal Practice & Procedure,
Jurisdiction 2d S 3914.11 (stating that remand terminating all
proceedings in a federal court is final; if appeal is barred it is by
S 1447(d), not for want of finality); In re Bethesda Mem. Hosp. Inc., 123
F.3d 1407, 1408 (11th Cir. 1997) (stating that:"Quackenbush holds that
a District Court's order to remand a case to state court is a final
judgment that can be reviewed on direct appeal); Eastus v. Blue Bell
Creameries, L.P., 97 F.3d 100, 103 (5th Cir. 1996) (holding that remand
order is reviewable after Quackenbush where it (1) puts litigants out of
federal court; (2) conclusively determines whether jurisdiction will be
exercised; (3) party's right to have matter litigated in federal court is
important; and (4) order cannot be reviewed if state court continues to
hear case); Gaming Corp. of America v. Dorsey & Whitney, 88 F.3d 536,
542 (8th Cir. 1996) (holding that after Quackenbush appeal rather than
mandamus is appropriate where by remand District Court surrendered
jurisdiction and there is no other opportunity to appeal decision in
federal court).

the removal petition. Our focus, however, was solely upon
the timeliness of the remand order. In Air-Shields, we wrote:

> Even if the district court's sua sponte action qualifies as a motion under . . . . 28 U.S.C. S 1442(c), the district court could only remand within 30 days of the filing of the notice to remove . . . By remanding the case for procedural defects after the thirty day limit imposed by the revised Section 1447(c) had expired the district court "exceeded its statutorily defined power."

891 F.2d at 65-66 (internal citations omitted) (emphasis added). As a result, our review was "not limited by subsection (d) of Section 1447;" and the petition for mandamus was granted. Id. at 66. In Air-Shields, "[w]e did not decide whether the District Court was ever permitted to remand for a defect in the removal petition absent a motion by a party." Liberty Mutual Ins. Co. v. Ward Trucking Co., 48 F.3d 742, 760 n.8 (3d Cir. 1995) (J. Becker, dissenting).

In Korea Exchange Bank v. Trackwise Sales, 66 F.3d 46 (3d Cir. 1995), we again considered a timeliness challenge to a District Court's remand order. Some seven months after the petition for removal was filed, the District Court, acting sua sponte, remanded an action for failure to comply with the requirements of 28 U.S.C. S 1441(b). After concluding that the irregularity in the petition was a procedural defect rather than a jurisdictional requirement,6 we considered the substance of 28 U.S.C. S 1447(c), focusing as we did in Air-Shields on the timing of the District Court's remand order. We wrote:

> [I]t is clear under section 1447(c) that [the procedural] irregularity must be the subject of a motion to remand within 30 days after filing the notice of removal. We have held that the 30-day time limit of section 1447(c) applies not only to motions brought by a party, but also to sua sponte orders of remand. See Air Shields, 891 F.2d at 65. It follows ineluctably that the District Court in this case had no statutory authority to issue the

_____

6. We clarified that "an irregularity in removal of a case to federal court

is to be considered `jurisdictional' only if the case could not initially have

been filed in federal court." 66 F.3d at 50.

> remand order after the 30-day period because the defect was in the removal procedure rather than a lack of subject matter jurisdiction, which could be raised at any time. For the same reason, our review of the remand order is not barred by section 1447(d).

Id. at 50–51 (internal citation omitted) (emphasis added). The parties in Korea Exchange Bank did not challenge the District Court's authority to raise a procedural defect sua sponte and, with the exception of the single sentence highlighted above, we did not address that aspect of the case. We address that issue for the first time here.

While we are convinced that the decision in Korea Exchange Bank does not resolve the issue now before us, we recognize that the District Court read the emphasized language in the quotation from Korea Exchange Bank above to establish "unequivocally" that a timely sua sponte remand on procedural grounds is authorized under section 1447(c). We cannot agree. As we have noted, our focus in Korea Exchange Bank was solely on the timeliness of the District Court's sua sponte remand. The single sentence which the District Court lifts out of that case is best viewed as dictum. We did not intend that sentence to dispose of an important issue which we had yet to face head–on.

At the time of our decision in Korea Exchange Bank, four of our sister Courts of Appeals had addressed the very question that we face here, concluding that the language of section 1447(c) does not authorize a District Court's sua sponte remand of an action based on a defect in the petition for removal, even where that remand is timely.7 Our failure in Korea Exchange Bank to reference those decisions and to express any disagreement with the reasoning supporting them militates heavily against the conclusion that we intended, in a single sentence, to take a contrary position.

_____

7. See In re First National Bank of Boston , 70 F.3d 1184 (11th Cir.), vacated as moot, 102 F.3d 1157 (1996) (District Courts are without discretion to remand sua sponte for procedural defects within the 30–day period after filing of removal notice); Page v. City of Southfield, 45 F.3d

128 (6th Cir. 1995) (same); In re Continental Casualty Co., 29 F.3d 292 (7th Cir. 1994) (same); and In re Allstate Insurance Co., 8 F.3d 219 (5th Cir. 1995) (same).

11

In order to dispel any possible confusion flowing from the language in Korea Exchange Bank, we now align ourselves with the other Courts of Appeals which have considered timely sua sponte remands. We hold that the District Court exceeded its authority under section 1447(c) when it remanded these actions, sua sponte, based on what it identified as procedural defects in the petition for removal.

In formulating this holding, we adopt the reasoning underlying the decision in In re Continental Casualty Company, 29 F.3d 292 (7th Cir. 1994). There, the Court concluded that a motion made by a party "is essential to a remand under the first sentence of section 1447(c)." Id. at 294. In support of this conclusion, the Court wrote:

> Ever since Ayers v. Watson, 113 U.S. 594 (1885), it has been accepted that non-jurisdictional objections to removal may be waived. The plaintiff has a right to remand if the defendant did not take the right steps when removing, but the plaintiff also may accept the defendant's choice of a federal forum. Procedural defects in removal are in this respect similar to the lack of personal jurisdiction and other shortcomings that may be waived or forfeited. Having found himself in federal court after removal, the plaintiff may want to stay there. A remand on the court's own motion may deprive both sides of their preferred forum . . . . Instead of trying to resolve procedural questions on its own, only to find out that the answer does not matter, the district judge should wait for the parties to reveal whether they want to continue in federal court.

Id. at 294-95. We agree. We embrace, too, this Continental Casualty caveat:

> Sua sponte remands before the 30 days are up do not upset the parties' expectations or require redoing things in multiple forums, but they pose dangers of their own. By acting without any motion, district judges increase the risk of error -- both legal error and error in understanding the parties' desires.

Id. at 295.

12

III.

For the foregoing reasons, we conclude that the District Court exceeded its statutory authority under section 1446(c) in entering the remand orders in these actions. Accordingly, the bar to review by appeal set forth in 1447(d) does not apply. Although FMC did not file a document labeled "notice of appeal," its petition for mandamus contains all of the information required under Fed. R. App. P. 3. It may, therefore, be treated as a notice of appeal, see Smith v. Barry, 502 U.S. 244 (1992), provided that it was filed, as it was, within the 30-day limit set by Fed. R. App. P. 4(a)(1). Because jurisdiction lies under 28 U.S.C. S 1291, we will dismiss the petitions for mandamus filed by Medtronic as moot and will reverse the orders of remand

entered by the District Court in each of the underlying actions.

A True Copy:
Teste:

       Clerk of the United States Court of Appeals
       for the Third Circuit

13