CONSOL ENERGY INC.; Eighty Four–Mining Company

v.

BERKSHIRE HATHAWAY INC.; National Fire & Marine Insurance Company; Allied World Assurance Company, Ltd.; Commonwealth Insurance Company; International Mining Industry Underwriters, Ltd.; International Insurance Company of Hanover Lloyds of London; Hiscox Syndicate Limited; Ascot Underwriters Limited; R.J. Kiln & Co. Limited; XL Insurance (Bermuda), Ltd.

\* National Fire & Marine Insurance Company, Appellant

\* Per Clerk's Order 4/21/06

National Fire & Marine Insurance Company, Appellant—06–2105

Berkshire Hathaway Inc., Appellant—06–2152.

Nos. 06–2105, 06–2152.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) June 18, 2007.

Filed: Oct. 30, 2007.

Gordon W. Schmidt, Kevin S. Batik, McGuireWoods, LLP, Pittsburgh, PA, Mark A. Rabinowitz, Christopher D. Mickus, Neal, Gerber & Eisenberg LLP, Chicago, IL, for Appellee.

Karen Y. Bonvalot, Klett, Rooney, Lieber & Schorling, Paul K. Geer, DiBella, Geer, McAllister & Best, Pittsburgh, PA,

Costantino Suriano, Mound, Cotton, Wollan & Greengrass, New York, NY, Frank J. DeAngelis, Mound, Cotton, Wollan & Greengrass, Newark, NJ, for Appellant.

Before: MCKEE, FISHER and CHAGARES, Circuit Judges.

## OPINION

MCKEE, Judge.

National Fire and Marine Insurance Company ("National Fire"), and Berkshire Hathaway (collectively referred to as the "Defendants") appeal the District Court's order granting CONSOL Energy's motion to remand, and dismissing Berkshire's motion to dismiss and National Fire's motion to dismiss or stay and to compel arbitration as moot. We will affirm.

## I.

■ Inasmuch as we write primarily for the parties who are familiar with this case, we need not set forth the factual or procedural background in detail. Before we can decide the Defendants' challenge to the District Court's remand order pursuant to the forum selection clause in the disputed policy,[1] we must first determine if the order is reviewable. Ordinarily, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except [in civil rights cases]," 28 U.S.C. § 1447(d). However, the Supreme Court has explained that the only remands that can not be reviewed on appeal are those predicated upon lack of subject matter jurisdiction or defects in the removal procedure. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 116 S.Ct.

1712, 135 L.Ed.2d 1 (1996). Conversely, remands that are not premised on either of those two grounds are subject to appellate review. *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1211 (3d Cir.), *cert. denied*, 502 U.S. 908, 112 S.Ct. 302, 116 L.Ed.2d 245 (1991); *see also Regis Associates v. Rank Hotels (Management) Ltd.*, 894 F.2d 193, 194 (6th Cir.1990) ("[A] remand order is reviewable on appeal when it is based on a substantive decision on the merits of a collateral issue as opposed to just matters of jurisdiction.")

National Fire argues that the scope and application of the forum selection clause turns on whether the parties agreed to arbitrate. The District Court concluded that the purported existence of the arbitration agreement is irrelevant because National Fire unambiguously waived the right to remove this action to federal court. Accordingly, the court remanded to state court without reaching the merits of the dispute over the duty to arbitrate.

As a general rule, appellate courts do not have jurisdiction to review a district court's decision to remand a case to state court. 28 U.S.C. § 1447(d).[2] However, that rule was limited by the Supreme Court's decision in *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976). There, the Court held that only remands based on grounds *specified* in § 1447(c) are insulated from review under § 1447(d). *Id.* at 351, 96 S.Ct. 584 (emphasis added). Section 1447(c) provides two specific bases for remand: (1) lack of subject matter jurisdiction or (2) defect other than lack of

---

1. In its Order dated January 19, 2006, the District Court adopted the Magistrate Judge's well-reasoned Report and Recommendation of February 8, 2006, in which Judge Hay explains why this case must be remanded to Pennsylvania state court.

2. Section 1447(d) provides:

An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

subject matter jurisdiction. *See In re FMC Corporation Packaging Systems Div.*, 208 F.3d 445, 448 n. 4 (3d Cir.2000).

In *Foster,* we stated, "if a defendant has removed a case in violation of a forum selection clause, remand is a particularly appropriate and effective remedy for the wrong." 933 F.2d at 1217. Here, the District Court realized that National Fire could not consent to removal based upon the forum selection clause in its policy of insurance with Consol. Accordingly, the rule of unanimity was not satisfied and the court properly remanded to state court as explained in the thoughtful Report and Recommendation of the Magistrate Judge. The Magistrate Judge explained why remand was appropriate, and we will affirm the order remanding to state court substantially for the reasons set forth in the Magistrate Judge's Report and Recommendation. *See, e.g., Foster,* 933 F.2d at 1211 (finding "the order of remand here, based on the forum selection clause ... is not rendered unappealable by section 1447(d).").

## II.

■ Our determination that the District Court properly remanded this case to state court does not dispose of Berkshire's appeal. The Magistrate Judge initially found that Berkshire had been fraudulently joined, but the final Report and Recommendation relied only upon the failure to satisfy the rule of unanimity and did not address Berkshire's claim of fraudulent joinder. Berkshire argues in its appeal that the District Court erred in failing to address its claim of fraudulent joinder prior to granting the motion for remand. Berkshire also claims that it does not have sufficient contacts with the forum to allow the court to exercise jurisdiction over it, and that it can not be sued as the alter ego

of National Fire. We reject the first contention, and do not reach the second, for the reasons below.

Berkshire argues that where a district court "is presented with a fraudulently joined defendant, it is required to first dismiss that defendant in a threshold determination—thereby confirming existence of subject matter jurisdiction—before it accepts and exercises jurisdiction to interpret the parties' contractual forum selection clause." Berkshire Br. at 9. We agree that courts are generally required to determine questions of jurisdiction before reaching the merits of a case. *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). However, a federal court does have some discretion "to choose among threshold grounds for denying audience to a case on the merits." *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 585, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999).

In *Sinochem International Co. Ltd. v. Malaysia International Shipping Corp.,* —— U.S. ——, 127 S.Ct. 1184, 167 L.Ed.2d 15 (2007),[3] the Court explained: "[a] district court may dispose of an action by a *forum non conveniens* dismissal, by-passing questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant." *Id.* at 1192. Although we are not concerned with a dismissal under the doctrine of *forum non conveniens,* the considerations here are analogous. The District Court's remand served the interests of "considerations of convenience, fairness, and judicial economy[.]" Since the case was improperly removed due to the failure of unanimity, it would be unfair for Berkshire to benefit from the wrongful removal by having its motion to dismiss decided in a federal forum. Furthermore,

---

**3.** Neither the district court nor the parties had the benefit of this decision, as it was handed down after the parties had submitted their briefs on appeal to this Court.

the resolution of Berkshire's motion would not change the end result—remand to the state court.

Inasmuch as the District Court properly concluded that this suit was not properly before it given National Fire's waiver of its right to remove to federal court, there was simply no need for the court to consider whether Berkshire was fraudulently joined or address its personal jurisdiction argument. The answer to those inquiries could not defeat the absence of the unanimity required for removal. We therefore agree that no purpose is served by addressing the issues Berkshire insists upon raising.

## III.

For the reasons set forth above, we will affirm the District Court's order remanding to state court, dismissing as moot National Fire's motion to dismiss or stay and to compel arbitration, and dismissing as moot Berkshire's motion to dismiss.