NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1492
_____

ANJALI SHAH, INDIVIDUALLY AND ON BEHALF OF A CLASS
OF SIMILARLY SITUATED PERSONS

v.

HYATT CORPORATION,
                                                                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 09-cv-04286)
District Judge:  Honorable Norma L. Shapiro
_____

Submitted Under Third Circuit LAR 34.1(a)
April 26, 2011

Before:  BARRY, HARDIMAN and NYGAARD, *Circuit Judges*.

(Filed: April 27, 2011)
_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

        Hyatt Corporation appeals from the District Court's order remanding this action to

Pennsylvania state court.  Because we write for the parties, and because the relevant facts

and procedural history are undisputed, we review them briefly.  Appellee Anjali Shah

worked as an assistant housekeeping manager and an assistant front desk manager in the Philadelphia Hyatt Regency, a hotel operated by Hyatt. In August 2009, Shah initiated an action in the Court of Common Pleas of Philadelphia County against Hyatt, individually and on behalf of others similarly situated, alleging that Hyatt systematically failed to compensate her and other assistant managers throughout the Commonwealth for hours worked in excess of forty hours per week, in violation of the Pennsylvania Minimum Wage Act, 43 PA. STAT. ANN. § 333.104, and the Pennsylvania Wage Payment and Collection Law, 43 PA. STAT. ANN. §§ 260.3 – 260.9. Shah brought no federal claims.

Hyatt, an Illinois corporation incorporated in Delaware, removed the action to the United States District Court for the Eastern District of Pennsylvania citing 28 U.S.C. §1332(a), the general diversity statute. Hyatt alleged that there was complete diversity between the parties and that the amount in controversy for Shah's claim exceeded $75,000, allowing a federal court to exercise supplemental jurisdiction over the entire putative class. Shah moved for remand, arguing that 28 U.S.C. §1332(d), a provision of the Class Action Fairness Act (CAFA), did not confer federal jurisdiction because her complaint limited the class size and damages such that the class did not exceed 100 people and the amount in controversy did not exceed $5,000,000. Shah did not respond to Hyatt's § 1332(a) diversity argument.

The District Court found that it lacked jurisdiction under CAFA, because Shah had explicitly limited the class damages to less than $5,000,000. *Shah v. Hyatt Corp.*, No. 09-

2

4286, 2010 WL 365632, at *2 (E.D. Pa. Feb. 1, 2010). The District Court found, however, that it had original jurisdiction over Shah's claim based on diversity. *Id.* at *3. Nonetheless, it declined to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over the class claims and remanded the entire action to state court. *Id.* at *3-*5. Hyatt filed this timely appeal.

## I

As always, we first consider whether we have jurisdiction to review the District Court's remand order. Shah urges us to deny appellate jurisdiction or to construe Hyatt's appeal as a petition for writ of mandamus, based on the traditional principle that "an order remanding a removed action does not represent a final judgment reviewable on appeal." *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 352-53 (1976) (citing *R.R. Co. v. Wiswall*, 90 U.S. (23 Wall.) 507, 508 (1875)).

Contrary to Shah's argument, the Supreme Court has disavowed this statement in *Thermtron* and held that, although "remand orders . . . do not meet the traditional definition of finality," a district court's remand order, like the one here, that "conclusively determines an issue that is separate from the merits," is final in that "the district court disassociates itself from the case entirely, retaining nothing of the matter on the federal court's docket." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 714-15 (1996); *see also In re FMV Corp. Packaging Sys. Div.*, 208 F.3d 445, 449 (3d Cir. 2000). Therefore, we need not construe Hyatt's appeal as a petition for mandamus relief, and we have

3

jurisdiction under 28 U.S.C. § 1291.[1]

We review a district court's decision not to exercise supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367 for abuse of discretion. *Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009).

## II

A civil action may be properly removed from state court to federal district court if the district court has original jurisdiction. 28 U.S.C. § 1441(a).

The Class Action Fairness Act grants federal courts jurisdiction over certain class actions and provides, in relevant part:

> (2) The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which [there is at least partial diversity].

28 U.S.C. § 1332(d)(2). Here, the District Court correctly found that CAFA did not convey jurisdiction because Shah explicitly limited her demand to "a sum less than $ 5,000,000," thereby defeating federal jurisdiction under CAFA. *See Morgan v. Gay*, 471 F.3d 469, 474 (3d Cir. 2006) (noting that plaintiffs are masters of their claims and may limit them to less than the jurisdictional minimum).

---

[1] Nor does 28 U.S.C. § 1447(d) bar our review. Section 1447(d) limits the appealability of an order to remand, but only when a case is remanded pursuant to 28 U.S.C. § 1447(c). *Thermtron*, 423 U.S. at 345-46. Here, the District Court exercised its discretion to remand the claim under its supplemental jurisdiction found in 28 U.S.C. §1367(c)(1).

4

Although the District Court correctly held that jurisdiction did not lie under CAFA, that determination does not answer whether the District Court had general diversity jurisdiction under 28 U.S.C. § 1332(a).  Section 1332 provides, in relevant part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
> > (1) citizens of different States.

28 U.S.C. § 1332(a).  The District Court rightly found that the requirements for diversity jurisdiction were met, because Shah and Hyatt are citizens of different states and Shah's claim likely exceeded $75,000.

Shah argues on appeal, but did not argue below, that Hyatt had not demonstrated "by a legal certainty" that the $75,000 threshold had been met.  Although Shah's complaint limited the class damages to below $5,000,000, it did not limit her individual damages.  In fact, before the District Court Shah acknowledged that "there's a good probability of her claim exceeding [$]75,000."  She argues now that because she limited the total remedy to less than the $5,000,000 threshold for CAFA jurisdiction, Hyatt must demonstrate to "a legal certainty" that her damages exceed the $75,000 diversity jurisdiction threshold.  Shah's reliance on *Frederico v. Home Depot*, 507 F.3d 188 (3d Cir. 2007) in making this argument, is misplaced, and the argument fails.

In *Frederico*, we held:

> [W]here the complaint specifically avers that the amount sought is less than the jurisdictional minimum . . . . a defendant seeking removal must prove to a legal certainty that plaintiff can recover the jurisdictional amount.  By

contrast, . . . where the plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum . . ., the case must be remanded if it appears to a legal certainty that the plaintiff *cannot* recover the jurisdictional amount.

*Id.* at 196-97. It does not follow that if the plaintiff limits her potential recovery as to one threshold and remains silent as to another, then the defendant seeking removal must be held to the "higher burden" for both. *Id.* Given Shah's averment that her damages could well exceed $75,000, it is not surprising that the District Court correctly found that the threshold had been met. *See id.* at 195 ("[A] case [where the plaintiff has not limited her recovery below the relevant jurisdictional amount] must be dismissed or remanded if it appears to a legal certainty that the plaintiff *cannot* recover more than the jurisdictional amount of $75,000. The rule does not require the removing defendant to prove to a legal certainty the plaintiff can recover $75,000—a substantially different standard." (quoting *Valley v. State Farm Fire and Cas. Co.*, 504 F. Supp. 2d 1, 3-4 (E.D. Pa. 2006) (Shapiro, J.))).

Upon finding the § 1332(a) diversity jurisdiction requirements were met, the District Court opined that "the court *would* have original jurisdiction of a non-class action under 28 U.S.C. § 1332(a)." *Shah*, 2010 WL 365632, at *3 (emphasis added). The District Court referred to Shah's individual claim in the subjunctive, as if it were speculative or hypothetical only, "[a]ssuming that the court has original jurisdiction over this civil action" before it "decline[d] to exercise supplemental jurisdiction and remand[ed] the action to state court under §§ 1367(c)(1), (c)(2), & (c)(4)." *Id.* (emphasis

6

added). Because § 1367 grants district courts the discretion to remand claims over which they have *supplemental* jurisdiction, but not claims over which they have *original* jurisdiction, this was error. *See Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 787 (3d Cir. 1995).

When a district court has original jurisdiction over a claim, 28 U.S.C. § 1367 grants that court supplemental jurisdiction over sufficiently related claims.[2] In *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005), the Supreme Court held that § 1367 permits a federal court to exercise supplemental jurisdiction over the claims of all class members so long as the named plaintiff has a claim in excess of $75,000. *Id.* at 549. In such cases, neither *Exxon Mobil* nor the statute requires a district court to exercise supplemental jurisdiction, and § 1367(c)[3] controls when a district court can exercise its

---

[2] Section 1367(a) provides in relevant part:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a).

[3] Section 1367(c) provides in relevant part:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

discretion to decline supplemental jurisdiction. By the same token, neither *Exxon Mobil* nor § 1367 allows a federal court to decline a case over which it has original jurisdiction. *Borough of West Mifflin*, 45 F.3d at 787 ("[N]othing in § 1367(c) authorizes a district court to decline to entertain a claim over which is has original jurisdiction and, accordingly, that section clearly does not sanction the district court's remand of this entire case, including the [claim over which it has original jurisdiction], to the state court.").

Here, the District Court, after correctly determining that it had original jurisdiction under § 1332, considered the factors in § 1367(c) and found that they warranted remanding the claims over which it could exercise supplemental jurisdiction. We find no error in this determination. In choosing to do so, however, the District Court went a step too far when it remanded Shah's claim because § 1367 does not permit a federal court to decline original jurisdiction.

### III

For the foregoing reasons, we will reverse the District Court's order remanding the entirety of the case to state court and remand the case to the District Court. Upon remand,

---

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

8

the Court shall exercise jurisdiction over Shah's claim and, in its discretion, determine anew whether to exercise supplemental jurisdiction over the claims over which it does not have original jurisdiction consistent with *Borough of West Mifflin*, 45 F.3d at 787.