**ALD-136**                                                             **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3911
_____

MAVERICK SCOTT,
                                   Appellant

v.

NEW YORK ADMINISTRATION FOR CHILDREN'S SERVICES
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civ. No. 2:15-cv-07731)
District Judge:  Honorable Madeline C. Arleo
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect and for
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 16, 2017
Before:  MCKEE, JORDAN and RESTREPO, Circuit Judges

(Opinion filed:  February 28, 2017)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Maverick Scott filed in the District Court a "Notice of Removal" that referenced child-neglect proceedings in New York City initiated by the New York Administration for Children's Services and which involved Scott and his minor son. Scott later filed additional documents titled "Notice of Removal." By order entered on October 19, 2016, the District Court sua sponte remanded Scott's case to "the Family Court of the State of New York." The District Court reasoned that it lacked "removal jurisdiction under 28 U.S.C. § 1441(a)" because "the Family Court matter is pending in New York, which is not encompassed by this district." Scott timely appealed.

We first address our jurisdiction to hear this appeal. Under 28 U.S.C. § 1447(c), a district court may only remand proceedings to state court on grounds that fall into one of two categories: (1) defects in subject matter jurisdiction; and (2) any other defects in removal that are identified in a timely remand motion. While appellate review of remand orders is barred by statute, see 28 U.S.C. § 1447(d), an exception applies when a district court exceeds its authority by remanding on grounds not permitted by § 1447(c). See Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 345 (1976); see also Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 127 (1995). Thus, a remand that does not comport with § 1447(c) escapes the appellate-review bar of § 1447(d). In re: FMC Corp. Packaging Sys. Div., 208 F.3d 445, 451 (3d Cir. 2000).

Here, the District Court remanded proceedings sua sponte because it was not, as required by 28 U.S.C. § 1441(a), "the district court . . . for the district and division embracing the place" where the underlying state court action was pending (i.e. it was not

the U.S. District Court for the Southern District of New York). Failure to remove a case in conformance with the venue provision of 28 U.S.C. § 1441(a) does not create a defect in subject matter jurisdiction. See Peterson v. BMI Refractories, 124 F.3d 1386, 1394 (11th Cir. 1997); see also Caterpillar Inc. v. Lewis, 519 U.S. 61, 76-77 (1996); cf. Korea Exch. Bank v. Trackwise Sales Corp., 66 F.3d 46, 49 (3d Cir. 1995) ("[T]he Supreme Court [has] consistently refused to treat the removal statute as imposing independent jurisdictional requirements."). The District Court thus exceeded its authority by remanding proceedings sua sponte on that basis, see FMC Corp., 208 F.3d at 451, and, as a result, we may exercise appellate jurisdiction under 28 U.S.C. § 1291.[1]

While we disagree with its remand rationale, the District Court did reach the correct result. Because it never had subject matter jurisdiction over the removed proceedings, the District Court was obligated to remand, sua sponte, on that basis. See Bromwell v. Mich. Mut. Ins. Co., 115 F.3d 208, 213 (3d Cir. 1997). The case Scott sought to remove to federal court—a petition filed by a state child-welfare organization to initiate child-protective proceedings in state court, see In re: C.M., Docket No. NN-42673-11; File #37961 (N.Y. Fam. Ct.)—plainly arises under state not federal law, cf. 28 U.S.C. § 1331, and there is no amount of money "in controversy," 28 U.S.C. § 1332(a). Cf. Matusow v. Trans-Cty. Title Agency, LLC, 545 F.3d 241, 245 (3d Cir. 2008) (divorce, alimony, and child custody decrees are outside federal jurisdictional bounds).

---

[1] Scott was advised by Clerk's letter that we could take summary action in this appeal. Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6, we may do so if an appeal presents

Therefore, we will summarily affirm the District Court's order, albeit on alternative grounds.

Lastly, we will modify the District Court's order so that remand is directed to the right court. The final, operative line of the District Court's order shall be modified to read: "**ORDERED** that this case shall be remanded to the New York County (Manhattan) Family Court." The District Court is instructed to mail a certified copy of the modified remand order to the clerk of the state court, so that federal court jurisdiction may be properly divested. See 28 U.S.C. § 1447(c); Agostini v. Piper Aircraft Corp., 729 F.3d 350, 355-56 (3d Cir. 2013).

no substantial question. Scott was invited to but did not respond to the Clerk's letter.