**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3819
_____

BANK OF NEW YORK MELLON, FKA Bank of
New York, As Trustee for the Certificate holders of the
CWALT, Inc., Alternative Loan Trust 2006-0A10
Mortgage Pass-Through  Certificates Series 2006-0A10

v.

MARK D. MAZZA; LISA A. MAZZA,
                                                    Appellants
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-17-cv-05453)
District Judge:  Honorable Petrese B. Tucker
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 20, 2018
Before:  VANASKIE, COWEN, and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 23, 2018)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Mark and Lisa Mazza appeal from the order of the District Court dismissing this action. We will vacate and remand for further proceedings.

## I.

The Mazzas are the defendants in this action, which they removed from Pennsylvania state court. The Mazzas asserted in their notice of removal that the plaintiff, Bank of New York Mellon ("the Bank"), had not yet served them with process or its complaint. They claimed, however, that removal was proper under 28 U.S.C. § 1441(a) on the basis of diversity jurisdiction. In that regard, the Mazzas asserted that they are citizens of Pennsylvania and that the Bank is a citizen of Colorado. The Mazzas also sought leave to proceed in forma pauperis ("IFP").

The District Court, in a one-page order, granted their IFP application, sua sponte dismissed the action, and directed its Clerk to close the case. The District Court's sole explanation for dismissal was its statement that "[t]his case is DISMISSED as premature because the Mazzas filed a notice to remove this case before they had been served." The Mazzas appeal.

## II.

The District Court's order is a final order over which we generally would have jurisdiction under 28 U.S.C. § 1291 because it dismissed this action without provision for reinstatement. The Bank, however, argues that we lack jurisdiction because, with exceptions not relevant here, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). Although the District Court's order "dismissed" the notice of removal instead of

2

"remanding" the matter to state court, the Bank argues that this provision applies because the District Court's order is the functional equivalent of a remand order. The Bank has not cited any authority in support of that argument, and we have located none.

Even if § 1447(d) applies, however, it does not bar review under the circumstances presented here. Section 1447(d) bars review only of remands that are authorized by 28 U.S.C. § 1447(c). See In re FMC Corp. Packaging Sys. Div., 208 F.3d 445, 448 (3d Cir. 2000). Section 1447(c), in turn, authorizes two kinds of remands—remands for lack of subject matter jurisdiction, and remands for any other defect on the basis of a motion filed within 30 days after the filing of the notice of removal. See id. 448 & n.4; 28 U.S.C. § 1447(c).

In this case, the District Court did not dismiss the Mazzas' notice of removal for lack of subject-matter jurisdiction.[1] Nor did the District Court dismiss the notice of removal on the basis of a party's motion. The Bank nevertheless argues that the District Court's order was authorized by § 1447(c) because the District Court dismissed the notice of removal sua sponte within 30 days of the filing of the notice of removal. We have squarely held, however, that § 1447(c) does not authorize a District Court to remand a matter sua sponte for any reason other than lack of subject-matter jurisdiction. See In re FMC Corp. Packaging Sys. Div., 208 F.3d at 451. We have further held that § 1447(d)

---

[1] The Mazzas asserted that the District Court had diversity jurisdiction. The District Court did not conclude otherwise, and the Bank does not argue on appeal that the District Court lacked diversity jurisdiction. We express no opinion on that issue.

3

does not bar review of such orders for the same reason. See id. Thus, § 1447(d) does not bar review of the District Court's order, and we have jurisdiction under § 1291.

III.

We will vacate and remand. The District Court did not identify the source of its authority to sua sponte dismiss a removed action for lack of state-court service, and none is readily apparent to us. Cf. In re FMC Corp. Packaging Sys. Div., 208 F.3d at 451 (holding that District Courts may not sua sponte remand cases for reasons other than lack of subject matter jurisdiction); 28 U.S.C. § 1915(e)(2) (authorizing sua sponte dismissal of IFP actions under enumerated circumstances). The District Court also did not give the Mazzas notice of possible dismissal and an opportunity to respond. As we have held in a number of contexts, District Courts generally must do so before dismissing an action sua sponte. See, e.g., Briscoe v. Klaus, 538 F.3d 252, 258 (3d Cir. 2008); Huber v. Taylor, 532 F.3d 237, 249 (3d Cir. 2008); United States v. Bendolph, 409 F.3d 155, 166-67 (3d Cir. 2005) (en banc).

As for the merits, the Mazzas argue that defendants may remove actions to federal court before being served with process. We do not appear to have addressed that issue, and we decline to do so in the first instance in this case. It appears, however, that every Court of Appeals to have addressed the issue has concluded that defendants in state-court actions may indeed remove them before being served with process. See Novak v. Bank of N.Y. Mellon Tr. Co., 783 F.3d 910, 914 (1st Cir. 2015) (per curiam) (collecting cases, including La Russo v. St. George's Univ. Sch. of Med., 747 F.3d 90, 97 (2d Cir. 2014),

4

and <u>Delgado v. Shell Oil Co.</u>, 231 F.3d 165, 177 (5th Cir. 2000)); <u>see also</u> 28 U.S.C. § 1448 (governing service of process after removal).

The issue of pre-service removal in this case has an added wrinkle. The Mazzas assert that they are Pennsylvania residents, and they seek to remove an action filed in Pennsylvania, so their notice of removal implicates the "forum defendant" rule of 28 U.S.C. § 1441(b)(2). Under that rule, an action that is otherwise removable "may not be removed [on the basis of diversity jurisdiction] if any of the parties in interest <u>properly joined and served as defendants</u> is a citizen of the State in which such action is brought." <u>Id.</u> (emphasis added). Thus, this case potentially presents the question whether a forum defendant can avoid the forum defendant rule—which applies by its terms to defendants who have been "served"—by removing an action before service of process.

It does not appear that any Court of Appeals has decided this issue and, as some of them have noted, it has divided the District Courts. <u>See</u> <u>Novak</u>, 783 F.3d at 911 n.1; <u>Goodwin v. Reynolds</u>, 757 F.3d 1216, 1221 & n.13 (11th Cir. 2014). This issue has divided District Courts and District Judges in this Circuit as well. <u>See, e.g.</u>, <u>Swindell-Filiaggi v. CSX Corp.</u>, 922 F. Supp. 2d 514, 518-19 (E.D. Pa. Civ. 2013) (summarizing different approaches to this issue). We will not address this issue in this case because it has not been developed in the District Court or on appeal. Instead, we leave it to the District Court to address such issues as may prove relevant on remand.

Finally, the Bank argues that we should affirm on the alternate ground that the Mazzas failed to attach to their notice of removal "a copy of all process . . . served upon" the Mazzas as required by 28 U.S.C. § 1446(a). We decline to do so. As explained

5

above, the Mazzas asserted, and the District Court agreed, that they filed their notice of removal <u>before</u> service of process.  We leave it to the District Court to address if necessary and in the first instance whether and how § 1446(a) applies in this situation.

IV.

For these reasons, we will vacate the judgment of the District Court and remand for further proceedings.  The Mazzas' motion for leave to file a reply brief out of time is denied.

6