DLD-090                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 26-1085
_____

IN RE:  WILLIAM F. KAETZ,
                                                        Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Civ. No. 2:22-cv-01148)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 26, 2026
Before: RESTREPO, PORTER, and MONTGOMERY-REEVES, *Circuit Judges*

(Opinion filed March 10, 2026)
_____

OPINION[*]
_____

PER CURIAM

William Kaetz has filed a petition for a writ of mandamus seeking relief in a

proceeding under 28 U.S.C. § 2255.  We will deny the petition.[1]

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

[1] Kaetz also has filed a motion requesting the disqualification or recusal from this
mandamus proceeding of many of this Court's judges, including the members of this
panel.  That motion is denied as to the members of this panel.  Kaetz seeks
disqualification or recusal on the ground that he has named the members of this panel as
defendants in a civil action, but that circumstance does not require disqualification or

I.

Kaetz is a frequent pro se litigant with a history of suing federal judges and others over various matters, including his student-loan debt. More disturbingly, Kaetz also posted online threats along with the home address of a federal judge who presided over some of his suits. Kaetz's posts resulted in a criminal proceeding in which he pleaded guilty to publicizing restricted information in violation of 18 U.S.C. §§ 119(a)(1) and (2).

Kaetz did not appeal that conviction, but he has challenged it in four other ways leading to his present mandamus petition. First, he filed a § 2255 motion. The District Court denied it and, after Kaetz appealed, we denied his request for a certificate of appealability ("COA"). *See Kaetz v. United States*, No. 23-2488, 2023 WL 11643672 (3d Cir. Nov. 16, 2023), *cert. dismissed*, 144 S. Ct. 2649 (2024).

Second, Kaetz later filed motions in his § 2255 proceeding that essentially sought reopening under Fed. R. Civ. P. 60(b). His theory was that the victim federal judge was not entitled to the protection of § 119 because the judge's reliance on legislative history in Kaetz's prior suits meant that the judge was not performing "official duties." The District Court denied those motions, and we again denied Kaetz's request for a COA while noting that his argument was "frivolous." *Kaetz v. United States*, No. 24-1646, 2024 WL 5701893, at *1 (3d Cir. Aug. 7, 2024), *cert. denied*, 145 S. Ct. 2867 (2025).

_____

recusal. *See Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006) (per curiam). Kaetz has not otherwise raised anything requiring or warranting disqualification or recusal, and we see nothing that does. Thus, Kaetz's motion is denied as to the members of this panel and is moot as to the other judges named therein. This ruling is without prejudice to Kaetz's ability to renew his request as to the other judges if he files a petition for rehearing en banc (which we do not suggest might be warranted).

Third, Kaetz filed an application with this Court under 28 U.S.C. §§ 2244 and 2255(h) seeking authorization of a second or successive § 2255 motion. He again sought to raise his claim that the victim federal judge was not performing "official duties." We denied that application too. (3d Cir. No. 24-2634, order issued Oct. 7, 2024.)

Fourth and finally, Kaetz filed another Rule 60(b) motion seeking once again to reopen his § 2255 proceeding. (Dist. Ct. ECF No. 110.) This time, he argued that what he called the recent "dismantling" of the Department of Education further supported his theory that the victim federal judge was not exercising "official duties." The District Court denied that motion in part and dismissed it in part. (ECF No. 134.) Kaetz sought reconsideration (ECF No. 135), which the court also denied (ECF No. 137.) Kaetz then filed a motion for a COA to appeal those rulings (ECF No. 138), but the court denied that motion too (ECF No. 139) as well as Kaetz's additional motions for reconsideration.

Kaetz then filed the mandamus petition at issue here seeking relief from the denial of these motions. On the same day, this Court docketed a notice of appeal in which it appeared that Kaetz also was attempting to appeal the denial of these motions. (C.A. No. 26-1096.) Kaetz required a COA in order to do so. *See, e.g.*, *Bracey v. Superintendent Rockview SCI*, 986 F.3d 274, 282-83 (3d Cir. 2021) (holding that a COA is required to appeal the denial of a habeas-related Rule 60(b) motion). Thus, our Clerk issued a letter in the appeal at C.A. No. 26-1096 advising Kaetz that the Court would consider issuance of a COA and giving him a chance to file a formal COA application. Kaetz instead responded with a motion in this mandamus proceeding to "correct the docket" in which he advised the Court that he intended only to seek mandamus relief, not to appeal, and

3

that the District Court improperly caused the docketing of the appeal at C.A. No. 26-1096 by forwarding to this Court an "old" notice of appeal. Kaetz followed that filing with a motion in his appeal to voluntarily dismiss it under Fed. R. App. P. 42(b)(2). He reiterated there that he did not intend to appeal and wanted only to seek mandamus relief. Thus, our Clerk dismissed the appeal on January 29.

## II.

The dismissal of Kaetz's appeal at C.A. No. 26-1096 leaves only his mandamus petition before us. We will deny it. Mandamus is a drastic remedy that we have the discretion to grant only in extraordinary circumstances and only when, inter alia, the petitioner has no other adequate means of obtaining relief. *See In re Briscoe*, 448 F.3d 201, 211-12 (3d Cir. 2006). We have advised Kaetz of these requirements before. *See In re Kaetz*, No. 21-1914, 2021 WL 5055842, at *1 (3d Cir. Nov. 1, 2021). These requirements mean that "mandamus is not a mere alternative to an appeal," *Briscoe*, 448 F.3d at 211, and thus may "not be used as a substitute for the regular appeals process," *id.* at 212 (quotation marks omitted).

But that is how Kaetz is seeking to use mandamus here. His primary requests are for an order directing the District Court to either issue a COA or grant Rule 60(b) relief. Both forms of relief are available if appropriate on appeal. Kaetz argues that he cannot appeal because the District Court denied his request for a COA, but when a district court denies a COA in a § 2255 case the remedy is to request a COA from this Court as part of the regular appellate process, which Kaetz has done before. *See* Fed. R. App. P. 22(b)(1); 3d Cir. L.A.R. 22.1 (2011). Kaetz also argues that the District Court left him with

4

nothing to appeal this time around because it did not address the merits of his claim. But leaving aside the fact that the court addressed his argument and held that it did not state grounds for relief, any error in that regard would itself have been grounds for appeal.

In sum, Kaetz's challenge to the District Court's most recent rulings in his § 2255 proceeding does not constitute the kind of extraordinary circumstance necessary for mandamus relief because he could have pursued his challenge in an appeal. We can construe a mandamus petition as a notice of appeal in appropriate circumstances. *See Revock v. Cowpet Bay W. Condo. Ass'n*, 853 F.3d 96, 104 (3d Cir. 2017) (citing, inter alia, *In re FMC Corp. Packaging Sys. Div.*, 208 F.3d 445, 451 (3d Cir. 2000)). We decline to do so here given Kaetz's dismissal of his appeal at C.A. 26-1096 and the other circumstances summarized above. But we note that there is no arguable basis for Kaetz to challenge the District Court's most recent rulings because his argument on the merits remains frivolous and does not state any arguable basis for relief as the court explained.

III.

For these reasons, we will deny the mandamus petition. We also deny all of Kaetz's other requests not already addressed herein.

5