783 So.2d 1207 (2001)
George JACKSON, Appellant,
v.
Greg SWEAT, d/b/a Greg's Video, Appellee.
No. 1D00-3163.
District Court of Appeal of Florida, First District.
May 1, 2001.
James V. Cook, Tallahassee, for Appellant.
Mary K. Simpson and Elizabeth G. Demme of Huey, Guilday & Tucker, P.A., Tallahassee, for Appellee.
PER CURIAM.
Appellant, the plaintiff in the trial court, seeks review of a final order dismissing with prejudice a negligence claim against appellee. To state a cause of action for negligence, a plaintiff must allege that (1) the defendant owed some legal duty to the plaintiff; (2) the defendant breached that duty; (3) the plaintiff was injured as a result of the defendant's breach of duty; and (4) the injury caused damage. Paterson v. Deeb, 472 So.2d 1210, 1214 (Fla. 1st DCA 1985). Here, appellant alleged that he was a customer of appellee and that, therefore, appellee owed him a duty to exercise reasonable care; that appellee breached that duty when he left his store lit and unlocked, *1208 creating the appearance that it was open, while setting a silent burglar alarm; that, when appellant entered the store, he unknowingly set off the alarm, causing the police to respond and arrest him; and that, as a result, appellant suffered humiliation, embarrassment and emotional distress, causing him damage. Although the complaint is not a model of clarity, these allegations are legally sufficient to withstand a motion to dismiss for failure to state a cause of action. Accordingly, the trial court erred when it dismissed the claim on that ground. The final order of dismissal is reversed, and the matter is remanded with directions to reinstate the claim.
REVERSED and REMANDED, with directions.
WEBSTER, DAVIS and BENTON, JJ., concur.