832 So.2d 784 (2002)
Richard KAYFETZ, Appellant,
v.
A.M. BEST ROOFING, INC., Appellee.
No. 3D00-3278.
District Court of Appeal of Florida, Third District.
August 7, 2002.
Rehearing, Rehearing and Certification of Conflict Denied December 20, 2002.
*785 Rosen, Slaton & Clark and Bret Clark, Miami, for appellant.
Vernis & Bowling and Scott A. Forman, North Miami, for appellee.
Before COPE, LEVY, and SORONDO, JJ.
Rehearing, Rehearing En Banc and Certification of Conflict Denied December 20, 2002.

CORRECTED OPINION
PER CURIAM.
Plaintiff Richard Kayfetz' home sustained damage from Hurricane Andrew. After some faulty construction was done on his roof, he "pulled" a building permit himself and hired Defendant A.M. Best Roofing Company to reconstruct the roof correctly. The Defendant's workers placed an unsecured ladder against the house and ascended to the roof. Having obtained permission from Defendant to climb onto the roof, Plaintiff followed the workers up the ladder. When Plaintiff descended from the roof, the ladder fell to the ground. Plaintiff was injured and taken to the hospital. He filed a suit against A.M. Best, alleging that it was negligent for failing to properly position, secure, or maintain the ladder. He also argued that the rubber footings on the base of the ladder were excessively worn.
At the trial, Plaintiff called an expert witness who testified that ladders are typically secured by nailing them in place or by having somebody hold the ladder while it is in use. The court precluded Plaintiff's expert from testifying that the bearing pads were well worn[1] and that, in his opinion, the use of the ladder by Defendant was "careless or stupid". Plaintiff claims that the trial court erred by limiting the testimony of his expert. We find that the record reveals no improper limitation as to this witness.
Defendant called its own expert witness. Over the objection of Plaintiff, he testified that under the South Florida Building Code, the permit holder is essentially a *786 contractor who is responsible for the equipment and the safety of materials and people on the job site.
The jury returned a verdict in favor of Defendant. A final judgment was rendered accordingly. Plaintiff appeals, claiming that the trial court erred by permitting Defendant's expert to testify as to his opinion of Plaintiff's responsibilities under the South Florida Building Code, essentially instructing the jury on the issue of legal liability in this case.[2] We agree and reverse the final judgment entered below.
Under the facts of the instant case, regardless of the responsibilities Plaintiff had as a permit holder under the South Florida Building Code, Defendant's expert should not have been permitted to instruct the jury as to how the rules set out in the code applied to the facts before them. This case is basically a simple negligence case in which the jury was asked to determine if Defendant was negligent by allowing Plaintiff to use an unsecured ladder with allegedly worn friction pads. Under Florida law, to recover on his negligence claim, Plaintiff merely needed to prove that (1) Defendant owed him a legal duty; (2) Defendant breached that duty; (3) he suffered injury as a result of that breach; and (4) the injury caused damage. See Jackson v. Sweat, 783 So.2d 1207 (Fla. 1st DCA 2001).
In all likelihood, the testimony of Defendant's expert led the jury to incorrectly conclude that Plaintiff's obligations under the South Florida Building Code excused Defendant of its responsibilities under Florida tort law. It was error for the trial court to allow this testimony. At trial, over Plaintiff's objection, the court supplemented the standard negligence jury instruction with the following language:
With respect to the condition of the ladder, defendant had a duty to warn plaintiff of a hidden or latent defect in the ladder, if there was any such defect, and defendant had knowledge of it. Defendant had no duty to warn of any readily observable or patent defect in the ladder, that is, a condition which a mere casual looking-over will disclose.
This jury instruction should not have been given. First, the ladder was already in place at the time that Plaintiff used it, therefore, there would have been no reason for the Plaintiff to pick up the ladder and examine the feet. Second, this was a product liability instruction and this was not a product liability case. Therefore, it was error to read this instruction to the jury. Accordingly, the final judgment is reversed and the case remanded for a new trial.
Reversed and remanded.
NOTES
[1] The trial judge precluded this because the condition of the pads was obvious to the jury, who were able to observe the ladder when it was brought to the courtroom.
[2] Defendant's expert was asked: "And you've told us that in your opinion, based on the South Florida Building Code and the fact that [plaintiff] pulled the permit, that it was his responsibility to have somebody secure the ladder, correct?" Defendant's expert answered: "Yes."

In substance, the expert's testimony told the jury that the only person responsible was the plaintiff, and this necessarily informed the jury that the defendant roofer owed no duty of care to the plaintiff.