989 So.2d 658 (2008)
Stella Mae BROWN, as Personal Representative of the Estate of Vaughn Lee Brown, deceased, Appellant,
v.
MOTEL 6 OPERATING, L.P., LTD., a Delaware corporation, d/b/a Motel 6; and Accor Economy Lodging, Inc., a Delaware corporation, jointly and separately, Appellees.
No. 4D07-2936.
District Court of Appeal of Florida, Fourth District.
July 2, 2008.
Rehearing Denied September 18, 2008.
Richard A. Sherman Sr. of the Law Offices of Richard A. Sherman, P.A., Ft. Lauderdale, and Wilton L. Strickland of Wilton L. Strickland, P.A., Ft. Lauderdale, for appellant.
Shelley H. Leinicke of Wicker, Smith, O'Hara, McCoy & Ford, P.A., Ft. Lauderdale, for appellees.
KLEIN, J.
The decedent was found shot to death in his motel room and his estate filed this wrongful death action, alleging that Motel 6, in light of past criminal activity, was negligent in failing to take greater security precautions. Because there was no evidence *659 of a forced entry, nor any evidence that the shooting could have been prevented with greater security, the trial court granted a summary judgment in favor of the defendant. We affirm.
The motel was an open type, with room access through outside stairways and balconies. The decedent was shot in his room sometime between midnight and the following noon. There were two security cameras, one at the front door and one at the front desk, and a security guard was on duty every day from 9:00 p.m. to 5:00 a.m. Although there had been a number of incidents reported to the sheriff during the two-year period before this incident, there were no homicides, but once a guest was robbed after opening the door to an unknown person during the night.
Plaintiff's expert on security acknowledged that there was no evidence as to how the person or persons who killed the decedent entered the room. There was no evidence of a forced entry to the decedent's room, nor any evidence as to any activity other than the shooting. The door had a steel frame, an electronic door lock that would automatically close, and a peep hole. The expert agreed that the door met minimum standards for protecting access to the room, and that the decedent could have been shot by someone he knew and had allowed into the room.
Plaintiff's expert based his opinion that security was lax on five police reports made during the previous two-year period: 1) a burglary to a room in which property was taken without force; 2) a sale of crack cocaine set up by a police informant; 3) an officer observing a person in a car with nine baggies of marijuana; 4) an armed robbery after a guest opened the door in response to a knock; and 5) an ex-employee jumping over the front desk in order to gain access to the area where the room keys were kept.
Although there was additional information about other incidents, there is no need to describe them, because we acknowledge that a jury could find that the motel breached its duty to provide adequate security. The problem is that, in addition to showing a breach of duty, plaintiff must demonstrate that the injury resulted from the breach of duty. Kayfetz v. A.M. Best Roofing, Inc., 832 So.2d 784 (Fla. 3d DCA 2002). That is what distinguishes this case from the cases on which the estate relies. For example, in Stevens v. Jefferson, 436 So.2d 33, 35 (Fla.1983), our supreme court explained:
It is incumbent upon the plaintiff to prove legal causation. Warner v. Florida Jai Alai, Inc., 221 So.2d 777 (Fla. 4th DCA 1969), cert. discharged, 235 So.2d 294 (Fla.1970). Mrs. Jefferson met her burden by showing that the bar was a "rough" place with a history of fights and gunplay and that the owner had terminated all security service and had left the premises in the charge of a female employee who could not maintain order. Under these facts a jury could determine that a foreseeable risk of harm to patrons existed, that the risk was either created or tolerated by Stevens, that he could have remedied the danger but failed to do so, and that because of that failure to perform his duties Jefferson was killed.
Similarly, in Orlando Executive Park v. Robbins, 433 So.2d 491 (Fla.1983), plaintiff was able to testify that an unidentified man had attacked her while she was walking from her car to her room at a motel which was aware of numerous prior episodes of criminal activity.
In this case, although the estate had four years from the time it filed this action to develop evidence from which a jury could find that the breach of duty to provide adequate security resulted in the *660 shooting, it was unable to do so. We accordingly agree with the trial court that there were no issues of material fact and affirm the summary judgment.
STONE and FARMER, JJ., concur.