[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 07-15793
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 15, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00724-CV-J-32MCR

ALICIA WHITEHURST,
DARRYL M. WHITEHURST,

Plaintiffs-Appellants,

DARRYL M. WHITEHURST, JR, son,

Plaintiff,

versus

WAL-MART,
Store No: #1083,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(December 15, 2008)**

Before BLACK, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Darryl and Alicia Whitehurst ("the Whitehursts," "the plaintiffs"), proceeding pro se, appeal from the district court's order denying their motion to remand and granting defendant Wal-Mart's motion to dismiss their fraud and negligence suit pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] On appeal, they argue that (1) removal of the suit is barred by the Violence Against Women Act and by Wal-Mart's alleged failure to comply with certain procedural requirements; and (2) that the district court improperly dismissed their complaint on the ground that, as pro se plaintiffs, they could not bring claims on behalf of their son and that the claims brought on their own behalf were inadequately pled. After thorough review, we affirm.

We review de novo both the denial of a motion to remand, Henderson v. Washington Nat'l Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006), and the grant of a motion to dismiss under Rule 12(b)(6), Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006).[2]

---

[1] The complaint alleges eight claims: Counts 1 and 2 allege "Gross Negligent of [sic] Fraud by Deception," and essentially accuse Wal-Mart of fraudulently misrepresenting that the store was safe when in fact Wal-Mart "hires unprofessional people with a criminal history." Counts 3-6 allege various forms of "gross negligence," including negligent hiring of security guards, failing to alert customers that Wal-Mart employees might be dangerous, and negligent provision of security services. Count 7 cryptically alleges negligence in connection with "Breach of the Peace," and Count 8 alleges tampering with evidence (i.e., the surveillance video of the incident giving rise to the suit).

[2] Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and are therefore liberally construed. See, e.g., Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

We first conclude that the district court did not err in denying the plaintiffs' motion to remand. The suit was properly removed pursuant to 28 U.S.C. § 1441 because the parties are diverse (the Whitehursts are Florida citizens, Wal-Mart is incorporated in Delaware and maintains its principal place of business in Arkansas),[3] and the amount in controversy ($50 million) exceeds $75,000. The Whitehursts contend that removal was barred by 28 U.S.C. § 1445(d), which forbids removal to federal court of any "civil action in any State court arising under section 40302 of the Violence Against Women Act [VAMA] of 1994." However, the Whitehursts' complaint makes absolutely no mention of the VAWA, and in any event, the Supreme Court declared section 40302 unconstitutional in United States v. Morrison, 529 U.S. 598, 627, 120 S. Ct. 1740, 1759 (2000). The Whitehursts mistakenly complain that the district court's order fails to cite any case law showing that the VAWA has been declared unconstitutional: the order cites Morrison.

---

[3] The complaint identifies "Wal-Mart Supercenter Store No. 1083" as the defendant in the suit. Since Store 1083 is located in Florida, and since the Whitehursts are Florida citizens, the Whitehursts argued that diversity was lacking and that removal was improper. In response, Wal-Mart submitted the affidavit of Elizabeth Crawford, a subsidiary administrator for Wal-Mart, Inc., who stated that Store No. 1083 was merely a building and had never operated as an independent legal entity under Florida law. In addition, she stated that Wal-Mart Stores East, L.P., was organized and incorporated under the laws of Delaware, maintained its principal place of business in Arkansas, and at all relevant times operated and maintained Store No. 1083 in Florida. As a result, the district court correctly concluded that Wal-Mart Stores East, L.P. was the proper defendant in the case, and that diversity jurisdiction was present.

3

The Whitehursts' additional arguments concerning removal are likewise without merit. They claim that Wal-Mart presented no evidence that it had been served with the complaint at the time it filed its notice of removal. But nothing in the removal statute, or any other legal provision, requires that a defendant be served with the complaint before filing a notice of removal. See, e.g., Delgado v. Shell Oil Co., 231 F.3d 165, 177 (5th Cir. 2000); City of Ann Arbor Employees' Retirement System v. Gecht, No. C-06-7453, 2007 WL 760568, at *9 (N.D. Cal. Mar. 9, 2007) (collecting cases). The plaintiffs further argue that Wal-Mart failed to file a separate notice of appearance when it filed its notice of removal. Again, however, neither the Federal Rules of Civil Procedure nor the Local Rules for the Middle District of Florida requires a separate appearance form when filing a notice of removal.

We also conclude that the district court committed no error in granting Wal-Mart's motion to dismiss. The Whitehursts' complaint purports to assert claims for fraud and for negligence, on behalf of themselves as well as their son.[4] As an initial

---

[4] Prior to the instant suit, Mr. Whitehurst filed a pro se complaint against Wal-Mart Stores East, L.P. in Florida state court seeking $1 million in damages. The suit raised substantially the same negligence and fraud claims as are alleged here, but were brought by Mr. Whitehurst on behalf of his wife, Alicia, and their son, Darryl, Jr. Wal-Mart removed the case to the district court, which subsequently dismissed the case based on the findings that Whitehurst, as a pro se litigant, could not prosecute claims on behalf of others; that he had not alleged that he suffered any injuries personally; and that he had not pleaded his fraud claim with particularity. Whitehurst v. Wal-Mart Stores East, L.P., No. 3:06-cv-191-J-32MCR, 2007 WL 2071433 (M.D. Fla. July 13, 2007). However, the court observed that the dismissal "would not necessarily prevent [Darryl's] wife, son, or granddaughter

4

matter, any claim asserted on the son's behalf necessarily fails: while individuals have the right to proceed pro se, 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."), and Federal Rule of Civil Procedure 17 authorizes a conservator or guardian to sue on behalf of a minor child, Fed. R. Civ. P. 17(c), a non-lawyer parent has no right to represent a child in an action in the child's name. See, e.g., Devine v. Indian River County School Bd., 121 F.3d 576, 581 (11th Cir. 1997) (holding "that neither 28 U.S.C. § 1654 nor Fed. R. Civ. P 17(c) . . . permits a parent to represent his/her child in federal court."); Cheung v. Youth Orchestra Foundation of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990) (non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child); Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir. 1986) ("We hold that under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney.").

---

from bringing an action in their own names." Id. at *2 n.4. Although difficult to discern from their briefing, the Whitehursts apparently believe that they have remedied this difficulty by designating themselves as "advocates" of their son. Despite the change in terminology, however, the son's claims have still been brought by his parents and consequently, as discussed below, remain barred. The same is true for any claims the Whitehursts purport to assert as "advocates" of their granddaughter. Since Alicia Whitehurst now asserts claims on her own behalf, those claims are no longer subject to the same defect. Nonetheless, as explained below, her claims fail for other reasons.

The claims asserted by Mr. and Mrs. Whitehurst on their own behalf also were properly dismissed. The fraud claims were not pled with particularity, as required by Federal Rule of Civil Procedure 9(b), Next Century Communications Corp. v. Ellis, 318 F.3d 1023, 1027-28 n.1 (11th Cir. 2003) (indicating that a plaintiff must satisfy Rule 9(b)'s pleading requirements in diversity fraud action), as well as Florida law, see, e.g., Thompson v. Bank of New York, 862 So.2d 768, 770 (Fla. 4th Dist. Ct. App. 2003) (collecting cases).[5] Moreover, with respect to their negligence claims, neither of the Whitehursts is alleged to have suffered a cognizable injury. Alicia Whitehurst is alleged to have been "traumatized" by the incident, but the complaint does not allege that she suffered any physical injury, which is required under Florida law. See, e.g., Southern Baptist Hosp. of Fla., Inc.,

---

[5] In their first suit, the Whitehursts proved unable to remedy the complaint's defects, even though they were given three separate opportunities to amend. Whitehurst v. Wal-Mart Stores East, L.P., No. 3:06-cv-191-J-32MCR, 2007 WL 2071433, at *2 (M.D. Fla. July 13, 2007). Indeed, the plaintiffs failed to craft a viable complaint with the assistance of pro bono counsel appointed by the district court. (The appointed attorney later withdrew due to conflicts with Mr. Whitehurst). We therefore agree with the district court that any further opportunity to amend the complaint in the present suit would be futile. See, e.g., Palacio v. City of New York, 489 F. Supp. 2d 335, 343 (S.D.N.Y. 2007) (pro se plaintiff who had already been given two chances to amend his complaint was not entitled to a third opportunity); see also Robles v. Bleau, No. 9:07-CV-0464, 2008 WL 4693153, at *6 (N.D.N.Y. Oct. 22, 2008) ("[G]ranting a pro se plaintiff an opportunity to amend is not required where the plaintiff has already been given a chance to amend his pleading."); cf. Vanderberg v. Donaldson, 259 F.3d 1321, 1327 (11th Cir. 2001) (district court did not abuse its discretion in denying leave to amend complaint because pro se plaintiff failed to allege new facts from which the district court could have concluded that he might have been able to state a successful claim).

v. Welker, 908 So.2d 317, 320 (Fla. 2005) ("[B]efore a plaintiff can recover damages for emotional distress caused by the negligence of another, the emotional distress suffered must flow from physical injuries the plaintiff sustained in an impact.") (citations and quotations omitted). Darryl Whitehurst is not even alleged to have been present at the time of the incident, let alone to have suffered any injury as a result of it. See Kayfetz v. A.M. Best Roofing, Inc., 832 So.2d 784, 786 (Fla. 3d Dist. Ct. App. 2002) ("Under Florida law, to recover on his negligence claim, Plaintiff . . . needed to prove that (1) Defendant owed him a legal duty; (2) Defendant breached that duty; (3) he suffered injury as a result of that breach; and (4) the injury caused damage.").

Because the district court committed no error in denying the plaintiffs' motion to remand and in granting Wal-Mart's motion to dismiss, its order is affirmed.

**AFFIRMED.**