[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-14483
Non-Argument Calendar

_____

D.C. Docket No. 4:19-cv-00076-CDL

PEDRO J. BURGOS,

Plaintiff - Appellant,

versus

SAND CANYON CORP,
f.k.a. Option One Mortgage Company Inc.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(May 6, 2020)

Before GRANT, LUCK and DUBINA, Circuit Judges.

PER CURIAM:

Appellant, Pedro Burgos ("Burgos"), appeals the district court's order granting a judgment of dismissal for Appellee, Sand Canyon Corporation ("Sand Canyon"), on Burgos's complaint alleging fraud; Georgia and Federal RICO Racketeering; theft by deception; conspiracy to commit a crime; gross negligence; bad faith, malice, and willful misconduct; trespass against property; unjust enrichment; declaratory and injunctive relief; and an accounting. The claims revolve around Burgos's allegation that Sand Canyon fraudulently assigned the security deed on his home to Wells Fargo ("Wells Fargo") and that Wells Fargo later wrongfully foreclosed on his home.

Burgos initially filed an action in state court in 2013 but failed properly to serve Sand Canyon. However, the state court granted Burgos a default judgment against Sand Canyon that set aside the original security deed, the assignment to Wells Fargo, and the deed under power. Several years passed before Sand Canyon learned of the action and filed a motion in state court to set aside the default judgment due to lack of jurisdiction. Following a hearing in state court on May 1, 2019, the state court entered an order setting aside the default judgment.

Sand Canyon removed the case to federal district court. Initially, the district court remanded the case to state court, determining that the case was closed. The remand order also denied a Rule 11 motion filed by Burgos. Burgos appealed the

district court's order denying his Rule 11 motion, and this court affirmed. *See Burgos v. Option One Mortg. Corp.*, 786 F. App'x 231, 233 (11th Cir. 2019). Meanwhile, Burgos filed numerous motions in the district court, which the district court denied, and Sand Canyon filed a motion to dismiss, which the district court granted. After reviewing the record and reading the parties' briefs, we affirm the district court's judgment of dismissal.

## I.

Burgos raises several claims on appeal. First, Burgos argues that the district court lacked federal jurisdiction because Article VI § 4 ¶ 1 of the Georgia Constitution and O.C.G.A. § 44-2-60 mandate that the Georgia Superior Court has exclusive jurisdiction over this case due to the Rules of Decision Act, 28 U.S.C. § 1652. Second, he contends that the district court lacked subject matter jurisdiction based on the prior exclusive jurisdiction doctrine, according to his interpretation of *Marshall v. Marshall*, 547 U.S. 293, 126 S. Ct. 1735 (2006) (discussing exceptions to federal court's jurisdiction in probate context). Third, he claims that removal to federal court was untimely and thus improper. Fourth, he argues that he stated a viable claim for a forged security deed because there was no witness to his signature on the security deed; rather, the security deed was witnessed after the fact. Sand Canyon responds by alleging that Burgos's claims all lack merit, and

3

this court should dismiss his appeal based on frivolity pursuant to Federal Rule of Appellate Procedure 38.[1]  Sand Canyon also requests that this court impose sanctions against Burgos and his attorney.[2]

## II.

We review *de novo* whether the district court properly interpreted and applied the provisions of 28 U.S.C. § 1332 to determine if diversity jurisdiction existed.  *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010).  We also review *de novo* the district court's order granting a motion to dismiss, applying the same standards utilized by the district court.  *Glover v. Liggett Corp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006).  Generally, the scope of the review is limited to the four corners of the complaint.  *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002).  To survive dismissal, the factual allegations "must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007).  This requires "more than an unadorned, the-defendant-unlawfully-

---

[1] "If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee."  Fed. R. App. P. 38.

[2] Burgos's attorney has filed a motion to withdraw as counsel based on an undisclosed conflict of interest.

harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937,

1949 (2009) (citations omitted).  Additionally, we review *de novo* the district

court's denial of Burgos's motions to remand.  *See City of Vestavia Hills v. Gen.*

*Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012).

## III.

Burgos asserts on appeal that the district court lacked jurisdiction to

determine his action against Sand Canyon.  His proposed reasoning is misguided.

Indeed, we conclude from the record that the district court properly determined it

had jurisdiction over the complaint.  The record clearly supports the district court's

finding that diversity jurisdiction exists: Burgos is a Georgia resident, Sand

Canyon is a California corporation, and the amount in controversy exceeds

$75,000.  Moreover, we agree with the district court that Burgos's arguments that

his wrongful foreclosure/fraud/RICO action asserting *in personam* tort claims is

somehow subject to the exclusive *in rem* jurisdiction of the Georgia state courts are

unpersuasive.

Burgos also asserts that the district court erred in determining that the

removal was untimely and improper.  Having reviewed the record, we agree with

the district court that neither assertion has merit.  A notice of removal must be filed

"within 30 days after the receipt by the defendant, through service or otherwise, of

a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).  The record supports the district court's finding that Sand Canyon was not properly served with Burgos's complaint until June 14, 2019, after Sand Canyon removed the action to federal court.  Burgos contends that he previously attempted to serve the Georgia Secretary of State with the state court action pursuant to Georgia law.  However, because Sand Canyon obtained a certificate to withdraw business in Georgia before this action was filed, service of process on the Georgia Secretary of State would have been proper if a copy of the process was also mailed to an officer of the withdrawn corporation at the mailing address provided by the company in its application for withdrawal.  O.C.G.A. § 14-2-1520(c).  Because Burgos failed to do this, the attempted service was defective.  *See Howard v. Technosystems Consol.* Corp., 536 S.E.2d 753, 756 (Ga. Ct. App. 2000).

A review of the record confirms that Burgos did not produce any evidence that process was delivered to Sand Canyon in 2013.  The correct address for service of process was 6531 Irvine Center Drive, Irvine CA 92618.  Burgos Aff. (Mar. 12, 2019) Ex. A, Letter from D. Sugimoto to Sec′y of State (Sept. 15, 2008) (Doc. 1-5 at 34.)  When Burgos originally filed his affidavit of service in state court in 2013, he presented evidence that he mailed the letter to Sand Canyon at

6

6351 Irvine Center Drive, Irvine CA 92618.  Burgos Aff. (Apr. 5, 2013) Ex. A, Certified Mail Receipts (Doc. 1-3 at 92.)  Thus, he mailed the process and complaint to the wrong address.  When Sand Canyon moved to set aside the default judgment in state court, Burgos submitted another affidavit, admitting that he made an error when he handwrote the address but asserting that he typed the address correctly in a separate area of the envelope.  Burgos Aff. ¶ 6 (Mar. 12, 2019) (Doc. 1-5 at 30.)  However, the district court found that Burgos did not present evidence to support this assertion, and he fails to do so on appeal as well.

Thus, based on our review of the record, we conclude that the district court correctly found that Sand Canyon was not properly served with the complaint in this action before Sand Canyon sought removal of the case from state court.  The removal clock does not begin before service of official process, which did not occur here until June 14, 2019.  Sand Canyon removed the action within thirty days of the state court's order setting aside the default judgments and reopening the action; thus, the motion to remand was timely and proper.  *See Whitehurst v. Wal-Mart*, 306 F. App'x 446, 448 (11th Cir. 2008) (per curiam) (noting that there is nothing in the removal statute, or any other legal provision, that requires service of the complaint before a defendant files a notice of removal).

7

Burgos also challenges the district court's order granting a judgment of dismissal for Sand Canyon. He claims that he stated a viable claim for a forged security deed based on his contention that the witness was not present in the room with him at closing when he signed the security deed and witnessed the deed after the fact. Burgos further alleges that Sand Canyon made a "fraudulent and forged assignment" of the security deed to Wells Fargo. Burgos Compl. 3 ¶¶ 3-4. He also contends that Sand Canyon committed fraud by making false representations to him "by virtue of the deed and assignment filed with the Superior Court." Compl. 4 ¶ 6, 5 ¶ 17. Additionally, Burgos asserts that Wells Fargo "wrongfully foreclosed" on the property that was secured by the deed. *Id*. at 3 ¶ 3; 4 ¶¶ 7-9 (alleging that Sand Canyon breached the terms of the security deed by failing to give proper notice of default).

We conclude from the record that the district court correctly determined that Burgos did not support his claims with adequate evidence. First, Burgos admits he signed the deed, and Georgia law is clear that for a deed to be enforceable, a witness need not be present at the signing. *See Hooten v. Goldome Credit Corp.*, 481 S.E.2d 550, 551 (Ga. Ct. App. 1997) ("Despite a statutory requirement that the signature of the maker of a deed must be attested by two witnesses, the requirement relates only to the record ability of the instrument, and a deed may be

8

valid between the parties without attestation.") (citations omitted).  Furthermore, Burgos does not point to any authority that a deed which is nonrecordable for lack of a proper witness is invalid and void.  To the contrary, Georgia law is clear that an allegation that a deed was improperly witnessed "is insufficient to void the deed to secure debt, since a deed without attestation conveys the title as against the grantor and his heirs."  *Budget Charge Accounts, Inc. v. Peters*, 96 S.E.2d 887, 889 (Ga. 1957).  Accordingly, we conclude that the district court properly dismissed this allegation.

Burgos next claims that Sand Canyon made a fraudulent and forged assignment of the security deed to Wells Fargo, and he seeks relief against Sand Canyon on this ground.  We agree with the district court that to the extent Burgos is attempting to challenge Sand Canyon's assignment of the security deed to Wells Fargo, he has no standing.  The assignment was a contract between Sand Canyon and Wells Fargo.  The proper party to bring a claim against Sand Canyon challenging the assignment would be Wells Fargo, the other party to the assignment.  *See Montgomery v. Bank of Am.*, 740 S.E.2d 434, 437 (Ga. Ct. App. 2013).  Accordingly, we conclude that Burgos fails to state a claim against Sand Canyon based on the assignment.

Burgos's remaining claims are based on the alleged wrongful foreclosure by Wells Fargo, which is the assignee of the security deed and not a party to this action.   Burgos alleges that Wells Fargo wrongfully initiated foreclosure proceedings even though it held no interest in the security deed.  Burgos does not allege any facts to suggest that Sand Canyon was involved in the foreclosure proceedings.  Rather, Burgos specifically alleges that Sand Canyon had no interest in the security deed at the time of the foreclosure and that Wells Fargo, not Sand Canyon, initiated and conducted the foreclosure proceedings.

Hence, any claim by Burgos against Sand Canyon based on Wells Fargo's foreclosure proceedings fails.  "A plaintiff asserting a claim of wrongful foreclosure must establish (1) a legal duty owed to it *by the foreclosing party*, (2) a breach of that duty, (3) a causal connection between the breach of that duty and the injury it sustained, and (4) damages."  *Dixon v. Branch Banking & Trust Co.*, 824 S.E.2d 760, 764 (Ga. Ct. App. 2019) (emphasis added) (quoting *Canton Plaza v. Regions Bank*, 732 S.E.2d 449, 454 (Ga. Ct. App. 2012)).  Burgos's attempt to establish that Sand Canyon is the foreclosing party via agency principles is meritless.  Thus, we conclude that Burgos cannot state a claim for relief against Sand Canyon on his wrongful foreclosure claim.

10

For the aforementioned reasons, we affirm the district court's judgment of dismissal.[3]

**AFFIRMED**.

---

[3] The motion for sanctions filed by Appellee is DENIED.