**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1559
_____

DAVID HATCHIGIAN; JOAN RANDAZZO,
Appellants

v.

ROBIN FORD; VILLAGE FORD PARTS;
FORD MOTOR COMPANY; CHASE BANK
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:21-cv-03416)
District Judge: Honorable Chad F. Kenney
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on April 3, 2023

Before: SHWARTZ, BIBAS, and PHIPPS, Circuit Judges

(Opinion filed: April 7, 2023)
_____

_____

OPINION[*]

_____

PER CURIAM

Pro se appellants David Hatchigian and Joan Randazzo appeal from the judgment entered against them by the District Court following a jury trial in this civil action. For the reasons discussed below, we will affirm.

**I.**

Hatchigian and Randazzo filed a complaint in the Philadelphia Court of Common Pleas against Robin Ford, Village Ford Parts, Ford Motor Company, and Chase Bank alleging, inter alia, breach of contract, unjust enrichment, and violations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq., and the Fair Credit Billing Act, 15 U.S.C. § 1666, et seq. The claims arose from a dispute over allegedly defective fuel injectors purchased by Hatchigian and installed in a 2005 Ford van. Upon praecipe by Hatchigian, the state court entered a default judgment against Chase in the amount of $75,000. Thereafter, with the consent of the other defendants, Chase removed the case to the United States District Court for the Eastern District of Pennsylvania and moved to vacate the default judgment. Hatchigian and Randazzo opposed the motion to vacate and sought remand of the action to state court. After holding an evidentiary hearing, the District Court denied the motion to remand, determining that subject matter jurisdiction existed pursuant to 28

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

U.S.C. §§ 1331 and 1441(a).  The District Court also vacated the default judgment entered by the state court, determining that Chase was never properly served with a copy of the summons and complaint.

A two-day jury trial commenced on March 15, 2022.  At the close of the evidence, and upon motion of the Defendants, the District Court dismissed all claims by Randazzo, finding that she was not a party to any of the alleged contracts or agreements, and that there was no evidence that she suffered any lack of use of the vehicle.  See D.Ct. ECF No. 132 at 12-13.[1]  The remaining claims were submitted to the jury, who returned a verdict in favor of the Appellees on all counts.  Appellants' timely motion for a new trial was denied.  Appellants appeal, challenging the District Court's orders vacating the state court default judgment, denying their motion to remand, and denying their motion for a new trial.

## II.

We have jurisdiction under 28 U.S.C. § 1291.  We exercise plenary review over a district court's denial of a motion to remand.  Green v. America Online (AOL), 318 F.3d 465, 470 (3d Cir. 2003).  We review a district court's decision to vacate an entry of default for abuse of discretion.  Doe v. Hesketh, 828 F.3d 159, 167 (3d Cir. 2016).  We likewise review for abuse of discretion a district court's denial of a new trial motion, except when the denial is based on an application of law, in which case our review is plenary.  McKenna v. City of Phila., 582 F.3d 447, 460 (3d Cir. 2009).

---

[1] We utilize the pagination given to filings by the CM/ECF docketing system.

Appellants assert that the District Court erred in denying their motion to remand because "the Removing Defendant did not strictly comply with the Removal Statute or sufficiently establish grounds for vacating the $75,000 State Court Default Judgment." 3d Cir. ECF No. 31 at 8. In April 2021, Appellants attempted service on Chase Bank by sending, via certified mail, a flash drive purportedly containing the summons and complaint. The flash drive was not accompanied by a paper copy. Appellants assert that this constituted proper service "in accordance with Pennsylvania Rules for serving out of state corporations . . . as well as the Pennsylvania Supreme Court's directions for flash drive service,"[2] Id. at 24, and that Chase's July 30, 2021, notice of removal was therefore untimely, see 28 U.S.C. § 1446(b) (providing that "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading").

The Pennsylvania Rules of Civil Procedure authorize service of process on a party located outside the Commonwealth of Pennsylvania, see Pa. R. Civ. P. 404, by mailing "a copy of the process . . . by any form of mail requiring a receipt signed by the defendant or his authorized agent," Pa. R. Civ. P. 403. See also Fed. R. Civ. P. 4(h)(1)(A) (permitting service on a corporation in the manner prescribed for service on an individual under Rule 4(e)(1)); Fed. R. Civ. P. 4(e)(1) (permitting service on an individual in accordance with

_____

[2] The alleged directions from the Pennsylvania Supreme Court on "flash drive service," see 3d Cir. ECF No. 31 at 93, is actually a document from the Superior Court of Pennsylvania, Office of the Prothonotary, addressing the electronic filing of briefs with that court, and in no way supports Appellants' argument that service of original process via electronic format was proper.

4

state law in which the district court sits). Rule 403 of the Pennsylvania Rules of Civil Procedure is silent as to what constitutes a "copy of the process." However, Pa. R. Civ. P. 204.1 provides that "[a]ll pleadings, motions and other legal papers must … (1) … be on 8 ½ inch by 11 inch paper." If Appellants' mailing of a flash drive purporting to contain the summons and complaint was an attempt to serve Chase Bank electronically, such service is not covered by Pennsylvania's Rule 205.4, which addresses the "Electronic Filing and Service of Legal Papers," and specifically excludes the service of "original process" via "electronic transmission."[3] See Pa. R. Civ. P. 205.4(g) (providing that "[c]opies of all legal papers **other than original process** filed in an action or served upon any party to an action may be served … (ii) by electronic transmission … **if the parties agree thereto**") (emphasis added). For these reasons, the District Court did not err in finding such service to be improper.[4] And, because Chase Bank was never properly served,[5] the District Court

---

[3] We note that the receipt of a flash drive is not listed as a manner in which electronic transmission may be completed. Further, as noted by the District Court, Chase Bank, a financial institution, "could not insert an unknown USB flash drive received in the mail into its computer system." D.Ct. ECF No. 50 at 2.

[4] The Pennsylvania Rules of Civil Procedure also provide for service of process outside the Commonwealth "in the manner provided by the law of the jurisdiction in which the service is made." Pa. R. Civ. P. 404. The District Court also determined that Chase was not properly served with a copy of the complaint and summons under the law of Delaware, where service on Chase was attempted. See D.Ct. ECF No. 50 at 2. Appellants do not challenge that ruling.

[5] To the extent that Appellants argue that the June 24, 2021, mailing of a Notice of Praecipe to Enter Judgment by Default, purportedly including a copy of the complaint, constituted proper service of original process, we disagree. A representative for Chase testified at the evidentiary hearing that Chase, in the regular course of business, scanned all documents received, and the scanned copy of the June 24 mailing (a total of four pages) did not include a copy of the complaint. D.Ct. ECF No. 54 at 22-24. In any event, Appellants failed to

correctly determined that the notice of removal was not untimely. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999) (finding that a defendant's time to remove under 28 U.S.C. § 1446(b) is triggered by proper service).

Appellants' argument that remand was required because the District Court lacked jurisdiction is likewise unpersuasive. Appellants' complaint asserted claims under two federal statutes – the Magnuson-Moss Warranty Act and the Fair Credit Billing Act. Even if the amount in controversy under the Magnuson-Moss Warranty Act[6] was insufficient to trigger original jurisdiction, as alleged by Appellants, the District Court had original jurisdiction over the Fair Credit Billing Act claim. See 28 U.S.C. § 1331. Further, jurisdiction was not defeated by the alleged voluntary dismissal of the Fair Credit Billing Act claim (which Appellants never actually dismissed and included in their proposed jury verdict form, see D.Ct. ECF No. 98 at 5). Federal jurisdiction cannot be defeated by amending a complaint to eliminate federal claims after removal. See Westmoreland Hosp. Ass'n v. Blue Cross of W. Pa., 605 F.2d 119, 123 (3d Cir. 1979); see also Ortiz-Bonilla v. Federación de Ajedrez de Puerto Rico, Inc., 734 F.3d 28, 36 (1st Cir. 2013) ("It is immaterial that a claimant in retrospect views her federal claims as surplus or, after removal, moves to strike the federal claims.").[7]

---

establish that the mailing complied with Pa. R. Civ. P. 403 by "requiring a receipt signed by the defendant or his authorized agent."

[6] While the Magnuson-Moss Warranty Act is a federal provision, federal jurisdiction is limited to those cases in which the amount in controversy exceeds $50,000. See 15 U.S.C. 2310(d)(3)(B); Suber v. Chrysler Corp., 104 F.3d 578, 582 n.4 (3d Cir. 1997).

[7] Appellants also argue that removal was improper because "not-yet-served defendants are precluded from removing actions." 3d Cir. ECF No. 31 at 34. Appellants, however, did

As removal was proper under 28 U.S.C. § 1441(a), and because Chase was never properly served, the District Court did not abuse its discretion by vacating, as void, the default judgment entered against Chase. See Gold Kist, Inc. v. Laurinburg Oil Co., Inc., 756 F.2d 14, 19 (1985) ("A default judgment entered when there has been no proper service of the complaint is, *a fortiori*, void, and should be set aside."). Because the judgment was void, the District Court need not have considered factors that would otherwise excuse a default, such as whether Chase had presented a meritorious defense to the claims, or whether the default was the result of Chase's culpable conduct. Id.

Finally, the District Court did not abuse its discretion in denying Appellants' motion for a new trial. Appellants assert that a new trial should have been granted because the District Court erred by refusing to provide the jury with Appellants' "Trial Book," which they assert the jury needed to determine liability and damages. Appellants assert that "[e]ach of the paper exhibits in Plaintiffs' Trial Book were marked admitted on Day 1." 3d Cir. ECF No. 31 at 43. However, as noted by the District Court, D.Ct. ECF No. 136 at 8-9, this assertion is simply false. While the exhibits in the trial book may have been

---

not raise this particular argument in the District Court. As a result, the argument is not properly before us. See Simko v. U.S. Steel Corp., 992 F.3d 198, 205 (3d Cir. 2021) ("It is well-established that arguments raised for the first time on appeal are not properly preserved for appellate review."). In any event, the argument lacks merit. See Encompass Ins. Co. v. Stone Mansion Restaurant, 902 F.3d 147, 154 (3d Cir. 2018) (finding removal proper where service was incomplete and noting that "removal of a matter … presupposes the existence of a state court complaint"); see also Novak v. Bank of N.Y. Mellon Tr. Co., 783 F.3d 910, 914 (1st Cir. 2015) (per curiam) (holding that a defendant may seek to remove a state-court action to federal court before being formally served, and collecting cases).

marked for identification, many were never admitted into evidence, as they either were not used by Appellants during the presentation of their case, or an objection to their admission was sustained.  Thus, the District Court, acting in its broad discretion  on evidentiary matters, see United States v. Casoni, 950 F.2d 893, 902 (3d Cir. 1991), properly determined that it would have been inappropriate to give the entire book to the jury.  Further, the District Court asked the jury to more specifically identify the documents it wished to review and, to the extent they had been admitted at trial, provided those documents to the jury.  Accordingly, we discern no abuse of discretion in the denial of Appellants' motion for a new trial.[8]

Accordingly, we will affirm the judgment of the District Court.[9]

---

[8] Appellants made two passing mentions that Randazzo was "improperly dismissed from the case," see 3d Cir. ECF No. 31 at 9, 53, but otherwise presented no argument on the point.  Accordingly, we do not consider the issue.  See Geness v. Cox, 902 F.3d 344, 355 (3d Cir. 2018) ("[I]t is well settled that a passing reference to an issue will not suffice to bring that issue before this court" (internal quotations marks omitted)).

[9] Appellees Joint Motion to Strike certain portions of Appellants' filings pursuant to Federal Rule of Evidence 408, 3d Cir. ECF No. 21, is denied.  While the information included is irrelevant for purposes of this appeal, the rule on which Appellees rely is applicable to proceedings in the District Court.  In any event, Appellants did not seek admission of evidence in this Court for an improper use as contemplated by Rule 408(a).