**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

MICHAEL L. MAYES,

      *Plaintiff-Appellant*,

v.

AMERICAN HALLMARK
INSURANCE COMPANY OF
TEXAS, a foreign corporation,

      *Defendant-Appellee*.

No. 22-35075

D.C. No. 1:21-cv-
01198-CL

OPINION

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted August 22, 2024[*]
San Francisco

Filed August 22, 2024

Before: Lucy H. Koh and Jennifer Sung, Circuit Judges,
and David A. Ezra,[**] District Judge.

---

[*] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] The Honorable David A. Ezra, United States District Judge for the
District of Hawaii, sitting by designation.

Opinion by Judge Sung

## SUMMARY***

### Removal

The panel affirmed the district court's denial of plaintiff Michael Mayes' motion to remand his action to state court after American Hallmark Insurance Company removed it to federal court.

The panel held that under 28 U.S.C. § 1446(b)(1), a defendant may remove a state-court civil action after it has received a copy of the complaint but before it has been formally served.

The panel addressed the remainder of Mayes' appeal and American Hallmark's cross-appeal in a concurrently filed memorandum disposition.

### COUNSEL

Michael L. Mayes, Pro Se, Rogue River, Oregon, for Plaintiff-Appellant.

David P. Rossmiller, Quintairos Prieto Wood & Boyer PA, Vancouver, Washington; Elissa M. Boyd, The Chartwell Law Offices LLP, Portland, Oregon; for Defendant-Appellee.

---

*** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

# OPINION

SUNG, Circuit Judge:

This opinion addresses a relatively straightforward but open question about when a defendant may remove a civil action from state to federal court under 28 U.S.C. § 1446, the statute that governs the removal procedure. The question presented is whether, under § 1446(b)(1), a defendant may remove a civil action after it has received a copy of the complaint but before it has been formally served. In other words, does § 1446(b)(1) require a defendant to wait for formal service before removing an action? We agree with the district court that under § 1446(b)(1), a defendant may remove a state-court action once it receives a copy of the complaint; it does not have to wait for formal service. Accordingly, we affirm the denial of Plaintiff Michael Mayes' motion to remand this case to state court.[1]

## I.  Background

Plaintiff Michael Mayes filed a complaint against American Hallmark Insurance Company ("American Hallmark") in state court. After American Hallmark received a copy of the complaint, but before it was formally served, it removed the case to federal court based on diversity jurisdiction. Mayes moved to remand the case, arguing that removal was improper because American Hallmark had not yet been formally served.

---

[1] We address the remainder of Mayes' appeal and American Hallmark's cross-appeal in a concurrently filed memorandum disposition, *Mayes v. Am. Hallmark Ins. Co.*, Nos. 22-35075, 22-35120, 2024 WL --- (9th Cir. 2024) (affirming in part and reversing and remanding in part).

A magistrate judge concluded that § 1446(b)(1) does not require formal service before removal and recommended denying the motion to remand. After reviewing the issue de novo, the district court agreed with the magistrate judge's reading of § 1446(b)(1) and denied the motion.

## II. Discussion

28 U.S.C. § 1446(b)(1) provides, in relevant part: "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." In plainer terms, § 1446(b)(1) establishes a time limit for removal that generally starts to run when the defendant receives a copy of the initial pleading, which is typically a complaint. If a defendant files a notice of removal after the time limit has run out, then removal is improper. *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980) (per curiam) ("[A] timely objection to a late [removal] petition will defeat removal . . . .").

In this case, however, the issue is not whether the defendant filed its notice of removal too late, but whether the defendant filed its notice of removal too early. Mayes argues that § 1446(b)(1) does not just set an end date for removal, but also sets a starting date. That is, Mayes argues that § 1446(b)(1) sets a "window" for removal and prohibits a defendant from filing a notice of removal both before the window has opened and after it has closed.

The plain language of § 1446(b)(1) suggests that a defendant may file a notice of removal once it has received a copy of the complaint, whether it received the complaint through formal "service or otherwise." But Mayes correctly

points out that the Supreme Court narrowly construed this provision in *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). There, the defendant received a copy of the complaint before it was formally served, and the issue was whether the removal time limit started to run when the defendant received the complaint or later, when formal service occurred. *Id.* at 348–49. The Court concluded that, under § 1446(b)(1), the removal time limit starts to run only when the defendant has received the complaint *and* has been formally served. *Id.* at 354. In the Court's view, requiring a defendant to respond to a complaint before formal service would conflict with the provision's purpose and the historic role of formal service in our system of justice. *Id.* at 350–53.

Still, the Court's interpretation of § 1446(b)(1) does not compel Mayes' reading. Even though § 1446(b)(1)'s 30-day removal time limit does not start to run until the defendant has both received the complaint and been formally served, that does not mean that a defendant cannot remove until it has both received the complaint and been formally served, as Mayes now argues. The plain text of § 1446(b)(1) sets a deadline for removal, not a "window" for removal. Nothing in the statute's text can be construed as barring a defendant from filing a notice of removal before formal service. The Court in *Murphy* explained that a defendant cannot be required to respond before formal service. *Id.* at 347 ("[A] defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process."). But the Court never suggested that a defendant is prohibited from responding before formal service.

The statutory context supports our reading of § 1446(b)(1). Most notably, 28 U.S.C. § 1448 specifies how

to complete service if removal occurred before service.**²**
Because § 1448 expressly authorizes service after removal,
§ 1448 confirms that § 1446(b)(1) does not require service
before removal. Additionally, a defendant may waive
service, and we have held that such waiver of service does
not make removal improper. *See Richards v. Harper*, 864
F.2d 85, 87 (9th Cir. 1988) (citing § 1448).

Finally, we note that all other circuit courts that have
considered this issue have reached the same conclusion. *See
Novak v. Bank of N.Y. Mellon Tr. Co., NA*, 783 F.3d 910, 914
(1st Cir. 2015) (per curiam) ("As far as we can tell, every
one has concluded that formal service is not generally
required before a defendant may file a notice of removal.");
*La Russo v. St. George's Univ. Sch. of Med.*, 747 F.3d 90, 97
(2d Cir. 2014) ("Service of process upon a removing
defendant is not a prerequisite to removal."); *Delgado v.
Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000) (Section
1446(b) "require[s] that an action be commenced against a
defendant before removal, but not that the defendant have
been served."); *see also Whitehurst v. Wal-Mart*, 306 F.
App'x 446, 448 (11th Cir. 2008) (unpublished) ("[N]othing
in the removal statute, or any other legal provision, requires
that a defendant be served with the complaint before filing a
notice of removal.").

In sum, we hold that formal service is not a prerequisite
to removal under § 1446(b)(1). Therefore, removal was

---

² Section 1448 provides: "In all cases removed from any State court to
any district court of the United States in which any one or more of the
defendants has not been served with process or in which the service has
not been perfected prior to removal, or in which process served proves
to be defective, such process or service may be completed or new process
issued in the same manner as in cases originally filed in such district
court."

proper in this case, and the district court correctly denied Mayes' motion to remand.

**AFFIRMED.**